Joseph A. Becker                    V                    Plaintiff

John Doe et. al;                                         Defendants

I. B.

Defendants  List

## I. B Defendants

Defendant No.
Name
Job or title
Shield Number
Employer
Address.
City    State    Zipcode
☐ Individual Capacity    ☐ Official capacity

Defendant No 1. Unknown John Doe
unknown
unknown
M.D.O.C. (Missouri Department of corrections
J.C.C.C. (Jefferson City Correctional Center)
8200 No More Victims Rd
Jefferson City Mo. 65101
☑ Individual capacity    ☑ Official Capacity

Defendant No 2. Unknown John Doe
unknown
unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City Mo. 65101

☑ Individual Capacity    ☑ Official Capacity

pg  1   of  33

Defendant No. 3 Unknown John Doe
　　　　　　Unknown
　　　　　　Unknown
　　　　　　M.D.O.C.
　　　　　　J.C.C.C.
　　　　　　8200 No More Victims Rd.
　　　　　　Jefferson City, Mo. 65101

☑ Individual capacity　　☑ Official Capacity

Defendant No. 4. Unknown John Doe
　　　　　　Unknown
　　　　　　Unknown
　　　　　　M.D.O.C
　　　　　　J.C.C.C.
　　　　　　8200 No More Victims Rd
　　　　　　Jefferson City Mo 65101

☑ Individual Capacity　　☑ Official Capacity

Defendant No. 5. Unknown John Doe
　　　　　　Sgt.
　　　　　　Unknown
　　　　　　M.D.O.C.
　　　　　　J.C.C.C.
　　　　　　8200 No More Victims Rd
　　　　　　Jefferson City Mo 65101

☑ Individual Capacity　　☑ Official Capacity

## I. B. Defendants

Defendant No 6  Unknown firstname lastName Ike
Sgt
Unknown
M.D.O.C
J.C.C.C
8200 No More Victims Rd
Jefferson City Mo 65101

☑ Individual Capacity        ☑ Official Capacity

Defendant No 7 Unknown John Doe
J.C.C.C Deputy Warden
Unknown
M.D.O.C
J.C.C.C
8200 No More Victims Rd.
Jefferson City Mo 65101

☑ Individual Capacity        ☑ Official Capacity

Defendant No 8. Unknown John Doe
J.C.C.C Deputy Warden
Unknown
M.D.O.C
J.C.C.C
8200 No More Victims Rd
Jefferson City Mo 65101

☑ Individual Capacity        ☑ Official Capacity

# I. B. Defendants

Defendant No. 9. Riana Martin
J.C.C.C. Deputy Warden
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd.
Jefferson City, Mo 65101

☑ Individual Capacity     ☑ Official Capacity

Defendant No. 10 Doris E Falkenrath
J.C.C.C. Warden
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd.
Jefferson City, Mo 65101

☑ Individual Capacity     ☑ Official Capacity

Defendant No. 11. Unknown Jane Doe
Nurse Medical Care provider
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd.
Jefferson City, MO 65101

☑ Individual Capacity     ☑ Official Capacity

Pg 4     of 33

## I. B. Defendants

Defendant No. 12 Earl D Scott
Medical Care provider
Nurse I.D.# EDS000JC
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd.
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No. 13 Susan A Hodges
Medical Care Provider
Nurse I.D.# SAH001JC
M.D.O.C
J.C.C.C.
8200 No More VictimsRd
Jefferson City Mo. 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 14 Terri J Stone
Medical Care provider
Nurse I.D.# TJS000JC
M.D.O.C.
J.C.C.C.
8200 No More Victory Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Pg 5 of 33

## I. B. Defendants

**Defendant No. 15.** Paul E Burris
Medical Care provider
Nurse I.D # PEB000MD
M.D.O.C
J.C.C.C
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

**Defendant No 16.** Kieth E Segall
Medical Care provider
Nurse I.D # KES000JC
M.D.O.C
J.C.C.C
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

**Defendant No. 17** Unknown Jane Doe
J.C.C.C Medical Administrator
Unknown
M.D.O.C
J.C.C.C
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

## I. B. Defendant

Defendant No. 18 Beth Cladd

J.C.C.C. Medical Administrator
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo. 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No. 19 Diana Myer

J.C.C.C. Medical Administrator
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No. 20 Unknown Jane Doe

Medical Care provider
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

pg 7 of 33

## I. B Defendant

Defendant No. 21 Remelle Blackman
J.C.C.C. FUM
Uknown
M.DOC
J.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity ☑ Official Capacity

Defendant No. 22 Unknown firstname lastname Tehnyson
J.C.C.C. case worker of housing unit 6
Unknown
M DO C
J C C C
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity ☑ Official Capacity

Defendant No. 23 Terry Wells
Medical Care provider
Unknown
M D O C
J C C C
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity ☑ Official Capacity

## I. B. Defendant

Defendant No. 24 Ginger Wright
Medical Care Provider
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City Mo 65101

☑ Individual Capacity    ☑ Official Capacity

Defendant No 25. Samantha Smith
Medical Care provider
Unknown
M.D.O.C.
J.C.C.C
8200 No More Victims Rd
Jefferson City Mo 65101

☑ Individual Capacity    ☑ Official Capacity

Defendant No 26 Unknown Jane Doe
J.C.C.C. Nurse Practitioner
Unknown
M.D.O.C
J.C.C.C.
8200 No More Victims Rd
Jefferson City Mo 65101

☑ Individual Capacity    ☑ Official Capacity

pg = 9 of 33

## I. B. Defendant

Defendant No 27 Unknown Jane Doe
J.C.C.C Director of Nursing
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 28 Unknown Jane Doe
J.C.C.C Health Service Administrator
Unknown
M.D.O.C
J.C.C.C
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 29 Unknown Jane Doe
J.C.C.C Medical Director
Unknown
M.D.O.C
J.C.C.C
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

## I. B. Defendant

Defendant No 30. Unknown Jane Doe

M.D.O.C. Associate Regional Medical Director
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd.
Jefferson City Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 31
Jerry, Lovelace
M.D.O.C Regional Medical Director
Unknown
M.D.O.C
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 32 Corizon, L.L.C.,
contracted with M.D.O.C to provide medical care and treatment to
prison inmates confined in M.D.O.C
Address Unknown at this time

☑ Individual Capacity          ☑ Official Capacity

I. B. Defendant

Defendant No 33 Centurion Health
Contracted with M.DOC to provide Medical care and treatment to
prison inmates confined in M.DOC.
Address Unknown at this time

☑ Individual Capacity     ☑ Official Capacity

Defendant No 34 Unknown first name, last name Dittman
J.C.C.C. Fum of housing unit 1 and 2
Unknown
M.DOC.
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity     ☑ Official Capacity

Defendant No 35 Unknown first name, last name Todd
J.C.C.C. Fum of housing unit 3 and 4
Unknown
M.DOC.
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity     ☑ Official Capacity

# I. B Defendant

Defendant No. 36 Myles Stryd
                    J.C.C.C Deputy Warden
                    Unknown
                    M D O C
                    J. C. C. C
                    8200 No More Victims Rd
                    Jefferson City, Mo 65101

☑ Individual Capacity     ☑ Official Capacity

Defendant No 37 Unknown Jane Doe
                    Medical care provider
                    unknown
                    M.D.O.C.
                    J.C.C.C
                    8200 No More Victims Rd
                    Jefferson City Mo 65101

☑ Individual Capacity     ☑ Official Capacity

Defendant No 38 Unknown Jane Doe
                    Medical care provider
                    Unknown
                    M.D.O.C.
                    J.C.C.C
                    8200 No More Victims Rd
                    Jefferson City, Mo 65101

☑ Individual Capacity     ☑ Official Capacity

I B Defendant

Defendant No 40 Unknown John Doe
Unknown
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 39 Rachell Moore
J.C.C.C. Health Service Administrator
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 41 Unknown John Doe
Unknown
Unknown
M DOC
J CCC
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

14 of 33

## I.B. Defendant

Defendant No 42 First Name Unknown Last Name Tallent
Sgt
Unknown
M.D.O.C.
J.C.C.
8200 No More Victims Rd
Jefferson City Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 43 Jane Doe
7 house Case Worker
Unknown
M.D.O.C.
J.C.C.C.
8200 No More Victims Rd
Jefferson City, Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Defendant No 44 Unknown first name Lastname William
Sgt
Unknown
M.D.O.C.
J.C.C.
8200 No More Victims Rd
Jefferson City Mo 65101

☑ Individual Capacity          ☑ Official Capacity

Pg 15 of 33

Joseph A. Becker                                    Plaintiff

V

John Doe et. al,                                    Defendant


                              II.
Basis   for   jurisdiction.
                              B.

## II Basis for jurisdiction

### B.

(1) My constitutional rights protected under state & federal Amendments of the Eighth Amendment, Fourteenth & first of cruel & unusual punishment, equal protection & access to the courts for redress of grievances has been violated by state officials of Missouri Department of corrections staff & officials, M.D.O.C medical care providers staff & personnel by their actions of unnecessary & excessive use of force, failure to protect, denial of adequate medical care of serious medical needs, denial of access to the courts & conditions of confinement.

(2) This court has jurisdiction over this title 42 U.S.C section 1983 Civil Rights Action pursuant to title 28 U.S.C. section 1331; 1343; 1367; 1391

(3) Venue is appropriate in this State, District & Division pursuant to Title 28 U.S.C. section 1391

(4) This Court has jurisdiction to grant Declaratory & Injunctive relief pursuant to Title 28 U.S.C section 2201 & section 2202

( 5 ) All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

Joseph A. Becker                    Plaintiff

                    V

John Doe et. al,                    Defendant

II Basis for jurisdiction  D.
    Under Color of Law

## II. Basis for jurisdiction D.
## Under Color of law

( 6 ) Defendant No 1 John Doe
at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the Missouri Department of Corrections (M.D.O.C.)

( 7 ) Defendant No 2. John Doe
at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C.

( 8 ) Defendant No 3. John Doe
at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C.

( 9 ) Defendant No 4. John Doe
at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C.

17 of 23

## II. Basis for jurisdiction D.
## Under Color of Law

( 10 ) Defendant No 5 John Doe

at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C.

( 11 ) Defendant No 6. First name unknown last name Ike

at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

( 12 ) Defendant No. 7 John Doe J.C.CC Deputy Warden

at all times mentioned herein was employed as a prison Deputy Warden a public employee acting under color of state law while acting in their official capacity or while excercising their responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C.

( 13 ) Defendant No. 8. John Doe J.C.CC Deputy Warden

at all times mentioned herein was employed as a prison Deputy Warden a public employee acting under color of state law while acting in their official capacity or while excercising their responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C.

18 of 33

## II Basis for jurisdiction D.
### under Color of law

( 14 ) Defendant No. 9 Riaha Martin J.C.C. Deputy Warden

at all times mentioned herein was employed as a prison Deputy Warden a public employee acting under color of state law while acting in their offical capacity or while excercising their responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

( 15 ) Defendant No. 10 Doris E. Falkenrath J.C.C. Warden

at all times mentioned herein was employed as a prison Warden a public employee acting under color of state law while acting in their offical capacity or while excercising their responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

( 16 ) Defendant No. 11 Jane Doe

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No. 32 Corizon LLC. Then on or about November 1, 2021 she became employed by Defendant No. 33 Centurion Health. At all times mentioned herein she was employed as a nurse under color of state law to provide the plaintiff with Medical Care and treatment.

19 of 33

19

( 17 ) Defendant No. 12 Earl D Scott

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No. 32 Corizon LLC., Then or on about November 1, 2021 he became employed by Defendant No. 33 Centurion Health. At all times mentioned herein he was employed as a doctor under color of state law while acting in his official capacity or exercising his responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

( 18 ) Defendant No 13. Susan A. Hodges

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or on about November 1, 2021 she became employed by Defendant No. 33 Centurion Health. At all times mentioned herein she was employed as a medical care provider under color of state law while acting in her official capacity or exercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment

( 19 ) Defendant No 14. Terri J. Stone

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or on about November 1, 2021 she become employed by Defendant No. 33 Centurion Health. At all times mentioned herein she was employed as a medical care provider under color of state law while acting in her official capacity or exercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

## II. Basis for jurisdiction D.
## Under Color of Law

( 20 ) Defendant No 15. Paul E Burtis

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or on about November 1, 2021 he became employed by Defendant No 33 Centurion Health. At all times mentioned herein he was employed as a doctor under color of state law while acting in his official capacity or excercising his responsibility pursuant to state and federal law to provid the plaintiff with medical care and treatment

( 21 ) Defendant No 16. Kieth E Segall

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or on about November 1, 2021 he became employed by Defendant No 33 Centurion Health. At all times mentioned herein he was employed as a doctor under color of state law while acting in his official capacity or excercising his responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment

( 22 ) Defendant No 17 Jane Doe J.C.C.C Medical Administrator

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or about November 1, 2021 she became employed by Defendant No 33 Centurion Health. At all times mentioned herein she was employed as a medical care provider under color of state law while acting in her offical capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment

21 of 33

II. Basis for jurisdiction D.
Under Color of law

( 23 ) Defendant No. 18 Beth Clad J.C.C.C Medical Administrator

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No 33 Centurion Health. At all times mentioned herein she was employed as a medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment

( 24 ) Defendant No. 19 Diana Myers J.C.C.C Medical Administrator
was origind

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No 33 Centurion Health. At all times mentioned herein she was employed as a medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment

## II. Basis for jurisdiction D.
## Under Color of Law

( 25 ) Defendant No. 20 Jane Doe

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No. 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No. 33 Centurion Health. At all times mentioned herein she was employed as a medical care provider responsible for ensuring provisions of medical care to offenders and ~~medical~~ specifically for scheduling medical appointments outside the prison when offender o needs specialized treatment or evaluation. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

( 26 ) Defendant No. 21 Romelle Blackmon J.C.C.C, F.U.M..

at all times mentioned herein was a prison Function Unit Manager (F.U.M.) at J.C.C.C. a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

II. Basis for jurisdiction D.
Under Color of Law

( 27 ) Defendant No. 22 Unknown first name last name, Tennyson J.C.C.C. caseworker at all times mentioned herein was a prison case worker at J.C.C.C. a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provid the plaintiff with care as an offender in M.D.O.C..

( 28 ) Defendant No. 23 Terry Wells

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No. 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No. 33 Centurion Health. At all times mentioned herein, she was employed as medical care provider responsible generally for ensuring provisions of medical appointments outside the prison when an offender needs specialized treatment or evaluation. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

## II. Basis for jurisdiction D.
## Under Color of law

( 29 ) Defendant No. 24 Ginger Wright

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No. 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No. 33 Centurion Health. At all times mentioned herein, she was employed as medical care provider responsible generally for ensuring offender medical records, provisions of medical appointments outside the prison when an offender needs specialized treatment or evaluation. At all times mentioned herein she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

( 30 ) Defendant No. 25 Samantha Smith

was originally at the start of the Civil Rights Violation complained of complained of herein employed by Defendant No. 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No. 33 Centurion Health. At all times mentioned herein, she was employed as medical care provider responsible generally for ensuring provisions of medical appointments outside the prison when an offender needs specialized treatment or evaluation. At all times mentioned herein she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

## II. Basis for jurisdiction D
## Under Color of Law

( 31 ) Defendant No. 26 Jane Doe Nurse practitioner at JCCC.

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No. 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No. 33 Centurion Health. At all times mentioned herein, she was employed as medical care provider generally responsible for ensuring provisions of medical care to offenders and specifically for when a offender needs specialized treatment or evaluation. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

( 32 ) Defendant No. 27. Jane Doe Director of Nursing at JCCC.

was originally at the start of the Civil Rights Violation complained of here in employed by Defendant No. 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No. 33 Centurion Health. At all times mentioned herein, she was employed as medical care provider generally responsible for ensuring investigation of offenders I.R.R.s and preparing grievance responses. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment

26 of 33

## II. Basis for jurisdiction D. Under Color of Law

( 33 ) Defendant No. 28 Jane Doe Health Service Administrator at J.C.C.C. was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No 33 Centurion Health. At all times mentioned herein, she was employed as medical care provider generally responsible to investigate offenders formal grievances. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

( 34 ) Defendant No 29. Jane Doe Medical Director at J.C.C.C. was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 32 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No 33 Centurion Health. At all times mentioned herein, she was employed as medical care provider generally responsible for ensuring and supervising the medical care of offenders at J.C.C.C. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

II. Basis for jurisdiction D.
Under Color of Law

( 35 ) Defendant No 30 Jane Doe Associate Regional Medical Director

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 33 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No 33 Centurion Health. At all times mentioned herein, she was employed as medical care provider generally responsible for ensuring the review of offenders phycian's request for medication and outside referrals. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

( 36 ) Defendant No 3) Jerry, Lovelace Regional Medical Director

was originally at the start of the Civil Rights Violation complained of herein employed by Defendant No 33 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No 33 Centurion Health. At all times mentioned herein, he was employed as medical care provider generally responsible for ensuring the review of and approval of offenders phycian's request for medical treatment and outside referrals. At all times mentioned herein, he was employed as medical care provider under color of state law while acting in his official capacity or excercising his responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

pg 28 of 33

## II. Basis for jurisdiction D.
## Under Color of law

( 37 ) Defendant No. 32. Corizon, LLC.,

(Herein after referred to as Corizon) was formally known as, Corizon Health, Inc., and before that, as (C.M.S.) Correctional Medical Services.[1] Corizon was contracted with the state of Missouri to provide Medical Care and treatment to prison inmates confined by (M.D.O.C.) which included the Plaintiff. Corizon is a registered limited liability company with the state of Missouri and is therefore statutorially liable to the Plaintiff pursuant to R.S.Mo section 347.075 for conduct of their employees named herein. Corizon is being sued for Nominal, compensatory and Punitive damages.[2]

( 38 ) Defendant No. 33. Centurion Health

(herein after referred to as Centurion) is contracted with the state of Missouri to provide Medical Care and treatment to prison inmates confined by (M.D.O.C.), which include the plaintiff. Plaintiff alleges and believes that Defendant Centurion is registered limited liability company with the state of Missouri and is therefore statutorially liable to the plaintiff pursuant to R.S.Mo section 347.075 for the conduct of their employees named herein. Centurion is being sued for Nominal, Compensatory and Punitive damages.[2]

[1] See, Winebarger V Corizon, LLC, Case No 17-04072-CV-C-SRB

[2] See, Simmons V Corizon Health, Inc., 122 Fsupp. 3d 255 at 264 and Teddy Scott et al., Dyno Nobel Inc. case No 4:16-CV-1440-HEA
— Eastern District of Missouri, Eastern Division, Opinion, Memorandum and order dated August 31, 2022

29 of 33

## II. Basis for jurisdiction D.
## Under Color of law

( 39 ) Defendant No 34. first name unknown, last name
Dittman J.C.C.C., F.U.M.
at all times mentioned herein was a prison Function
Unit Manager at J.C.C.C. a public employee acting under
color of state law while acting in her official capacity
or while excercising her responsibility pursuant to
state and federal law to provide the plaintiff with
care as an offender in the M.D.O.C.

( 40 ) Defendant No 35. first name unknown, last name
Todd J.C.C.C., F.U.M.
at all times mentioned herein was a prison Function
Unit Manager at J.C.C.C. a public employee acting under
color of state law while acting in his official capacity
or while excercising his responsibility pursuant to
state and federal law to provide the plaintiff with
care as an offender in the M.D.O.C..

( 41 ) Defendant No 36. Myles Stryd J.C.C.C. Deputy
Warden
at all times mentioned herein was a prison Deputy
Warden at J.C.C.C. a public employee acting under
color of state law while acting in his official capacity
or while excercising his responsibility pursuant to
state and federal law to provide the plaintiff with
care as an offender in the M.D.O.C..

## II. Basis for jurisdiction D.
## Under Color of law

( 42 ) Defendant No 37. Jane Doe JCCC Medical care provider

was originally at the start of the Civil Rights Violation complained of herein, employed by Defendant No 33 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No 33 Centurion Health. At all times mentioned herein, she was employed as a medical care provider generally responsible for ensuring provisions of medical care for offenders in M.D.O.C.. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

( 43 ) Defendant No 38. Jane Doe JCCC medical care provider

was originally at the start of the Civil Rights Violation complained of herein, employed by Defendant No 33 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No 33. Centurion Health. At all times mentioned herein, she was employed as a medical care provider generally responsible for ensuring provisions of medical care for offenders in M.D.O.C.. At all times mentioned herein, she was employed as medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law to provide the plaintiff with medical care and treatment.

## II. Basis for jurisdiction D.
## Under Color of law

( 44 ) Defendant No. 39. Rachell Moore MDOC, JCCC Health Service Administrator was originally at the start of the Civil Rights Violation complained of herein, employed by Defendant No. 33 Corizon LLC, Then or about November 1, 2021 became employed by Defendant No. 33 Centurion Health. At all times mentioned herein, she was employed as a medical care provider generally responsible to investigate offenders formal grievances. At all times mentioned herein, she was employed a medical care provider under color of state law while acting in her official capacity or excercising her responsibility pursuant to state and federal law, to provide the plaintiff with medical care and treatment.

( 45 ) Defendant No. 40. John Doe

at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

( 46 ) Defendant No. 41. John Doe

at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

## II. Basis for jurisdiction D.
### Under Color of law

( 47 ) Defendant No 42 first name unknown last name Tallent

at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

( 48 ) Defendant No 43 Jane Doe housing unit 7 case worker at JCCC.

at all times mentioned herein was employed as a caseworker at J.C.C.C, a public employee acting under color of state law while acting in his official capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

( 49 ) Defendant No 44 ~~Jane Doe~~ J.C.C.C housing Unit 7 Sgt first name Unknown last name William

at all times mentioned herein was employed as a prison guard, a public employee acting under color of state law while acting in his offical capacity or while excercising his responsibility pursuant to state and federal law to provide the plaintiff with care as an offender in the M.D.O.C..

Joseph A. Becker                    Plaintiff

                    V

John Doe et, al;                    Defendant


Statement of Claim IV

## Statement of Claim IV

( 50 ) On August 3, 2021 at 12:40 PM the plaintiff Joseph Becker M.D.O.C. #1090720 was at J.C.C. library when he was called to the co desk and ordered to return to his housing unit immediately to housing unit 3

( 51 ) Upon reporting back to the plaintiffs housing unit 3 the plaintiff was told to report back to the case workers office area

( 52 ) The plaintiff reported to the case wokers area of housing unit 3 where Sgt Baldwin asked the plaintiff "If he knew his rights to a C.D.V."

( 53 ) The plaintiff responded "No" and Sgt Baldwin read the plaintiff his rights and said "the plaintiff was being taken to adseg 7 house for supposed threats of hurting staff 24 hours earlier to mental health."

( 54 ) The plaintiff asked "Why didn't any one say any thing about this when I was just in here in this office sighing grievances one hours or so ago." and if I was a threat or threatened staff 24 hours earlier why was I not locked up on the spot as per M.D.O.C policy.

( 5 5 ) Sgt Baldwin responds was "I know policy but this is over my head and the higher ups done an IOC stating to lock you up in adseg even though you showed no signs of threats."

( 5 6 ) Plaintiff was then escorted to medical by Sgt Baldwin and unknown C O John doe.

( 5 7 ) Upon the plaintiff arriving to medical for evaluation going to adseg nurse Jane Doe took his vital signs

( 5 8 ) Nurse Jane Doe referred the plaintiff to Doc Earl D Scott Nurse I.D # EDS000JC because the plaintiffs blood pressure was over 150

( 5 9 ) Doc Scott evaluated the plaintiff and said "the plaintiffs blood pressure was probably so high do to stress of the plaintiff going to ad seg".

( 6 0 ) The plaintiff was taken from medical and escorted to adseg 7A wing by Sgt Baldwin and Co John Doe

( 6 1 ) Sgt Baldwin stripped the plaintiff out in 7A wing adseg phone cage leaving the plaintiff in ankle cuffs and hand cuffed behind his back

## Statement of Claims IV

### Count 1
### Deliberate indifference denial of adequate medical care

( 62 ) The plaintiff was left in the phone cage in full restraints hand cuffed behind his back with ankle cuffs on for the next 3 hours;

( 63 ) At some time in that 3 hours the plaintiff had a panic attack and whent catatonic callapsing and passing out becoming medically incapacitated in the phone cage on the concrete floor in full restraints;

( 64 ) Some time between 1:00 and 3:30 PM the plaintiff heard inmates beating on their celldoors screaming and yelling to each other saying "to push each other's panic buttons to get the plaintiff some medical attention";

—( 65 ) Defendants No 1 John Doe

No. 2 John Doe

No 3. John Doe

No 4. John Doe

No 5. John Doe
come into the wing of 7A asking "why the hell they was making so much noise and pushing their panic buttons in their cells." The inmates in the wing yelled at the defendants telling "them the plaintiff was in the phone cage passed out needing medical help;

36 of

## Statement of Claims IV
### Count I

I.

( 66 ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe                                    and
No 5 John Doe
stated "for them to quit pushing their panic buttons that they
knew the plaintiff was in the phone cage, but nothing was wrong
with the plaintiff; that the plaintiff was just faking it and
for the inmates to stop pushing their fucking panic
buttons;"

(    ) Defendants No 1. John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe                                    and
No 5 John Doe
left the wing leaving the plaintiff on the floor in the phone cage
catatonic medically incapacitated refussing to get or
give the plaintiff any medical care

(    ) Upon Defendants No 1 John Doe
No 2. John Doe
No 3 John Doe
No 4 John Doe                                    and
No 5 John Doe
leaving the wing the plaintiff heard the inmates
banging on their cell doors and screaming again

37 of
p

<u>Statement of Claims IV</u>
<u>Count 1</u>

I.

( 69 ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe                                and
No 5 John Doe
come back into the wing stating "That nothing was wrong with
the plaintiff in the phone cage and nothing was going to be
done for the plaintiff; that, f any fucking body else pushed
their mother fucking panic buttons in their cell they would
regret it".

( 70 ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe                                and
No 5 John Doe
left the wing again leaving the plaintiff in full restraints
hand cuffed behind his back, medically incapacitated on
the concrete floor in the phone cage refussing to get
the plaintiff medical help

( 71 ) The plaintiff was left by Defendants No 1 John Doe

No 2 John Doe
No 3 John Doe
No 4 John Doe                                and
No 5 John Doe
in the phone cage in full restraints hand cuffed behind the
his back catatonic medically incapacitated without any
medical aid on the concrete floor for the next 3 hours

## Statement of Claims

### Count 1

### I.

( 72 ) The plaintiff laid on the cold hard concrete floor unable to move, speak or even yell for help all wondering if those was going to be his last moments

Statement of Claim IV

Count 2

Deliberate indifference excessive unnecessary use of force

I.

( 7? ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe
No 5 John Doe                                    and
No 6 Last name I ke
at 3:00 during name and number recount acted supprised
when they couldnt find the plaintiff in his cell knowing they had
left him in the phone cage on the concrete floor medically
incapacitated for 3 hours.

( ) Witness offender James Toten M.DOC #351133 and other
offenders in 7A wing started yelling at the co's doing
count Defendants No 1
No 2 John Doe
No 3 John Doe
No 4 John Doe
No 5 John Doe                                    and
No 6 Last name I ke
telling them "the plaintiff wasnt in his cell because he was
where they left him in the phone cage and probably dead
because they wouldnt get him any medical help, he is
still in the cage."

( ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe
No 5 John Doe                                    and

40        of

Statement of Claims IV
Count 2

I.

No 6 Last name Ike
got into the phone cage with the plaintiff

( 76 ) Defendant No 6 Last name Ike
got a plastic chair and yanked the plaintiff up off the
floor with some other defendants and shoved him
in the plastic chair

( 77 ) The plaintiff unable to move kept sliding out of the chair
and some defendants kept picking him up slamming
him back into the chair

( 78 ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe                    and
No 5 John Doe
proceeded to rub and beat on the plaintiffs chest until his
chest was rubbed raw bleeding

( 79 ) Defendant No 5 John Doe
proceeded to kick the plaintiff in the shins and stomp
on the plaintiffs bare feet grinding the heels of his
boots until the plaintiff was bleeding

( 80 ) Defendant No 5 John Doe
picked up the phone in the phone cage and held it out to the
plaintiff asking the plaintiff "If he wanted to call
anyone that cared ?"

41    of

Statement of Claims IV
Count 2

I.

( 81 ) Defendant No 6 Last name I ke
stood by watching as the plaintiff was beatin by
Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe                              and
No 5 John Doe
maliciously and sadistically without any merit or
warrant; without attempting to interceding or
attempting to stop the actions of Defendants
No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe                              and
No 5 John Doe
then Defendant No 6 Last name Ike
finally called a code 16 medical emergency

( 82 ) Defendant No 11 ~~Last name Ike~~ Jane Doe Medical Care provider
showed up responding to Defendant No 6 Last name Ike

code 16 medical emergency on the plaintiff

( 83 ) Defendant No 11 Jane Doe
evaluated the plaintiff declaring that the plaintiff
was over dosing on drugs

42      of

## Statement of Claims IV
### Count 2
### I.

( 84 ) Defendant No 11 Jane Doe
directed Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe
No 5 John Doe                                    and
No 6 Last name Ike.
to get an emergency slat board to move the plaintiff to
the emergency medical cart to be taken to medical
immediately;

( 85 ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe
No 5 John Doe                                    and
No 6 Last name Ike.
stated "they didn't know where the emergency slat board
was to move the plaintiff to the medical crash cart on."

II

( 86 ) Defendant No 40 John Doe grabbed the plaintiff without any warning or provocation in a pain restrain hold, by grabbing the plaintiffs left index and middle finger twisting them while the plaintiff was in a catatonic medically incapacitated state in full restraints ankle cuffs and hand cuffs behind his back with maliciously and sadistically to cause harm without any merrit or warrant.

( 87 ) Then the same Defendant No 40 John Doe

proceeded to drag the plaintiff by his fingers on the concrete in full restraints of ankle cuff and hand cuff behind his back in a catatonic medically incapacitated state accross the concrete out to the medical crash cart after the plaintiff was declared medically incapacitated by Defendant No 11 Jane Doe

( 88 ) See attachment labeled Exhibit D-1-8 jpg a copy of witness statement from offender James Totch M.D.O.C.# 35113 stating "Some time shortly after noon count I saw them bring Mr. Becker in the wing and put him in the cage in A wing 7 house. At the 3:00 PM count the couldn't get count right and then I saw the staff find Mr. Becker in the floor in the cage where It looked to me he was unconcious. Then I saw 4 or 5 cos go into the phone cage standing over Mr. Becker kicking at him trying to revive him. After a while I saw them drag Mr. Becker out the cage with cuffs and ankle chains and

44        of

Statement of Claims IV
Count 3

## II.

holding onto his fingers and arms drag him out
of the wing.

Statement of Claim IV

Count 4

Liability for force: bystanders, supervisory deliberate indifference to the plaintiff's Eighth Amendment for failing to interven

I.

( 89 ) Defendant No 11 Jane Doe and No 6 Last name Ike didn't intervene to prevent or protect the plaintiff from being maliciously and sadistically beatin while the plaintiff was in full restraints of ankle cuff and hand cuffs behind his back catatonic medically incapacitated

( 90 ) Defendant No 6 Last name Ike was present while the plaintiff was beatin, kicked in the shins, bare feet being stomped on until the plaintiff was bleeding and the plaintiffs left index finger and middle finger being twisted and dragged by while in full restraints of ankle and hand cuffed behind his back catatonic medically incapacitated without any provocation or merit

( 91 ) Defendant No 6 Last name Ike had ample time and opportunity to interced, choosing as a respondent superior not to stop his subordinate officers maliciously and sadistically beat the plaintiff why the plaintiff was fully restrained and medically incapable of defending himself violated the plaintiffs right to be protected

## Statement of Claim IV
### Count 4

**I.**

( 92 ) Defendant No1 Jane Doe allowed Defendants No1 John Doe

No2 John Doe
No3 John Doe
No4 John Doe                                      and
No5 John Doe
to grab the plaintiff by his left index and middle finger while in full restraints ankle and hand cuffed behind the back after she gave a directive and order declaring the Plaintiff medically incapacitated to put the plaintiff on a medical emergency slat board and take the plaintiff to the emergency crash cart.

( 93 ) Defendant No1 Jane Doe had ample and realistic opportunity to interceed and stop
Defendant No1 Jane Doe
No2 John Doe
No3 John Doe                                      and
No4 John Doe
No5 John Doe
as a medical care provider owed the plaintiff duty of care to interceed and protect him from being assaulted by the Defendants No1 John Doe
No2 John Doe
No3 John Doe                                      and
No4 John Doe
No5 John Doe

47      of

## Statement of Claim IV
## Count 5

Liability for force: by standers deliberate indifference to the plaintiff's Eighth Amendment of failing to intervene

### II.

( 94 ) Defendant No.1 John Doe
No.2 John Doe
No.3 John Doe
No.4 John Doe                                    and
No.5 John Doe
didn't intervene to protect or prevent the plaintiff from being maliciouslly and sadistically attacked by Defendants No.1 John Doe
No.2 John Doe
No.3 John Doe
No.4 John Doe                                    and
No.5 John Doe
when the plaintiff was being kicked in the shins, his bare feet being stomped until the plaintiff was bleeding, then the plaintiffs left index and middle finger being twisted and the plaintiff being dragged by his left index and middle finger while the plaintiff was medically incapacitated in full restraints of ankle cuff and hand cuffs behind the back without any provocation from the plaintiff.

( 95 ) Defendants No.1 John Doe
No.2 John Doe
No.3 John Doe
No.4 John Doe                                    and
No.5 John Doe
had realistic opportunity to prevent or stop the assault of the plaintiff and to call a code 16 several

pg 48 of

## Statement of Claim IV

Count 5

## II.

hours earlier when the plaintiff had been left in the phone cage awaiting medical attention for over 3 hours laying on the concrete floor medically incapacitated in full restraints of ankle and hand cuffs behind the back

## Statement of Claim IV

### Count 6

Liability for force: supervisor deliberate indifference to the plaintiff's Eighth Amendment for failing to act against officers with records of misuse of force, inadequate training, inadequate investigation and lack of discipline officers directly leading to the plaintiff being assaulted.

( 96 ) Defendants No 7 John Doe JCCC Deputy warden
No 8 John Doe J.C.C.C Deputy warden
No 9 Riana Martin J.C.C.C Deputy Warden
No 10 Doris E Falkenrath J.C.C.C. Warden                    and
No 36 Myles Stryd J.C.C.C. Deputy warden
failure to act against Defendants No 1 John Doe

No 2 John Doe
No 3 John Doe
No 4 John Doe
No 5 John Doe
No 6 Last Name Ike
No 40 John Doe
No 41 John Doe
records of pattern of misuse of force on other offenders
from incident reports, offender reports and grievances
having direct cause to the assault on the plaintiff by the
Defendants No 7 John Doe J.C.C.C Deputy warden
No 8 John Doe J.C.C.C Deputy Warden
No 9 Riana Martin J.C.C.C Deputy Warden
No 10 Doris E Falkenrath J.C.C.C. Warden              and
No 36 Myles Stryd J.C.C.C Deputy warden
failure to investigate, train staff, discipline officers, to
investigate complaints, and prevent patterns of excessive
force created a custom of maintaining and tolerating

Pg     50     of

Statement of Claim IV
Count 6

a code of silence about staff misconduct and
accepted custom of excessive force by staff making
Defendants No 7 John Doe J.C.C.C. Deputy warden
No 8 John Doe J.C.C.C. Deputy warden
No 9 Riana Martin J.C.C.C. Deputy Warden
No 10 Doris E Falkenrath J.C.C.C. Warden          and
No 36 Myles Stryd J.C.C.C. Deputy Warden
deliberate indifference liable for assault on the plaintiff
L

## Statement of Claims IV
### Count # 7
### Deliberate indifference liability for force: bystanders
### III

( 97 ) Plaintiff was taken to medical where Defendant Earl D Scott Nurse I.D.# EDS000JC evaluated the plaintiff and concluded the plaintiff was not over dosing on any drugs, that the plaintiff was having some kind of mental attack from the stress of the day

(See Attachment labeled Exhibit A - a copy of the plaintiffs medical report from M.D.O.C. J.C.C.C. medical care providers on 8/3/21)

( 98 ) Defendant No 12 Earl D Scott gave the orders to put the plaintiff in a medical T.C.U. cell for observation for 24 hours

( 99 ) Plaintiff was pushed on a medical roll around bed to a T.C.U. cell

( 100 ) Defendant No 11 Jane Doe                              and
No 12 Earl D Scott
No 13 Susan A. Hodges
followed the plaintiff being pushed to a T.C.U. observation Cell
by Defendant's No 40                                         and
No 41
and watched as the plaintiff was assaulted a third time
in count 8 by Defendants No 40 John Doe
                         and NO 41 John Doe

( 101 ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe                                               and
No 4 John Doe
No 5 John Doe

52                    of

Statement of Claims IV
Count 7

III

was present when Defendants No 40
and No 41
physically assaulted the plaintiff
in count 8 third assault.

Statement of Claim IV

Count 7

Liability for force; bystanders deliberate indifference to the plaintiffs Eighth Amendment for failing to intervene

III

( 102 ) During the third assault Count 8

Defendant No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.11 Jane Doe

No.12 Earl D. Scott                                                  and

No.13 Susan A. Hodges

was present while the plaintiff was being physically assaulted and didn't intervene to protect or stop the plaintiff from being maliciously and sadistically physically assaulted by Defendants                                and

No.40 John Doe

No.41 John Doe

while they twisted pulled and picked the plaintiff up by the plaintiff's left index finger, then pushed him off the toll around medical bed onto the floor of the cell after the plaintiff was declared medically incapacitated by Defendants No.11 Jane Doe                                                   and

No.12 Earl D. Scott

No.13 Susan A Hodges

while the plaintiff was in full restraints of ankle cuffs and hand cuffs behind his back without any provocation from the plaintiff

Statement of Claim IV

Count I

## III.

( 103 ) Defendant No 11 Jane Doe
No 12 Earl D Scott and
No 13 Susan A. Hodges
had ample and realistic opportunity to intercede and
stop defendants No 40 John Doe
and 41 John Doe
as medical care providers they had
declared the plaintiff medically incapacitated and
owed the plaintiff a duty of care to intercede and
protect him from being physically assaulted by
defendants
No 40 John Doe and
No 41 John Doe

( 104 ) Defendants No 1 John Doe
No 2 John Doe
No 3 John Doe
No 4 John Doe
No 5 John Doe and
No 6 Last name Ike
had ample and realistic opportunity to intercede, choosing as
staff members not to stop fellow staff members
Defendants No 40 John Doe and
No 41 John Doe
from maliciously and sadistically physically assaulting the
plaintiff by twisting, pulling and picking the plaintiff up by
left index finger, then pushed him off the roll around
medical bed onto the floor of the cell after the plaintiff
was declared medically incapacitated by Defendants
No 11 Jane Doe

pg 55 of

Statement of Claims IV

Count 7

## III.

No 12 Earl D Scott and
No 13 Susan A. Hodges,
while the plaintiff was in full restraints of ankle and
hand cuffed behind his back, without any provocation
from the plaintiff violated the plaintiffs right to
be protected

## Statement of Claim IV
### Count 8
Deliberate indifference excessive unnecessary use of force

III.

( 105 ) Defendants No. 40 John Doe and No. 41 John Doe maliciously and sadistically twisted the plaintiffs left index and middle finger pulling him off the medical roll around bed, then shoved the plaintiff off of the medical roll around bed onto the floor and then removed the restraints from the plaintiff

( 106 ) Defendants No. 40 John Doe and No. 41 John Doe engaged in deliberate indifference in violation of the plaintiffs rights in a 3rd act of unnecessary excessive use of force maliciously and sadistically after Defendant No. 12 Earl D Scott and No. 13 Susan A. Hodges had given the plaintiff a medical examination and concluded the plaintiff was medically incapacitated and the plaintiff was still in full restraints of ankle and hand cuffed behind his back

Pg 57 of

## Statement of Claim IV
### Count 9

Denial of adequate medical care to a serious medical needs by refussual to treat and delay of medical care of the plaintiff for the plaintiffs refusual to comply with unreasonable conditions of comming off of hunger strike constituting deliberate indifference constituting the unnecessary and wanton inflictrion of pain prescribed by the Eighth Amendment

### II

( 107 ) The plaintiffs left index and middle finger was injured on 8/3/21 in excessive unnecessary use of force

( 108 ) The plaintiff was on hunger strike from 8/3/21 to 8/11/21 in cells with close observation cameras

( 109 ) The plaintiff made several complaints to security and medical staff while in medical on hunger strike showing such staff on the close observation cameras in the cells, that the plaintiffs left index and middle finger was discolored, disfigured and swollen and was told by defendants No 13 Susan A Hodges Nurse I.D# 5AH00JC, No 16 Kieth E Segall Nurse I.D# KES000JC No 20 Unkhown Jane Doe medical care provider, No 7 Unkhown John Doe and No 8 Unkhown John Doe, all stated to the plaintiff "When the plaintiff come off of hunger strike they would treat his fingers.

( 110 ) On 8/11/21 the plaintiff was still on dry hunger strike and Defendant No 13 Susan A Hodges, and Defendant No 36 Myles Stryd along with 10 staff members, I showed them all on the camera in the cell the injuries I sustained from the assault on 8/3/21, I asked defendant No. 36 Stryd J.C.C.C. Deputy Warden and all other staff in the room for an I.R.R. to file on denial of my medical care, being assaulted on 8/3/21 and was told by defendant No 36 Stryd "that if I come off of hunger strike they would give me I.R.Rs, treat my injuries and let me call and talk to my sister."

( 111 ) I refused to come off of hunger strike so I was put on an I.V and feeding tube from 8/11/21 to 8/18/21

( 112 ) On about 8/13/21 Defendant No 16 keith E Segall Nurse I.D. # KES000JC come to the T.C.U cell and the plaintiff showed this defendant his swollen, discolored and deformed middle and index finger asking for treatment, defendant stated to the plaintiff "If you want your finger treated then start eating"

59 of

<u>Statement of Claims IV</u>
<u>Count 9</u>

( 113 ) On 8/18/21 Plaintiff was taken off of ~~hunger strike~~ feeding tube and put back in a suicide cell with close observation camera where defendant Susan Hodges stated "that the plaintiff would remain on suicide watch untill the plaintiff started eating again and when the plaintiff started eating he would recieve treatment for his left index and middle finger and not until then."

( 114 ) Plaintiff come off of hunger strike on 8/20/21 with medical staff agreeing to give him I.R.Rs and treat his fingers.

( 115 ) Plaintiff was placed in adseg on 8/23/21

Statement of Claims IV
Count 10, 11, 12, 13, 14, 15, 16, 19

( 116 ) On 9/13/21 plaintiff went on hunger strike again
requesting for the I R R he had been denied
since 8/3/21 when he was assaulted by cos
and on not treating his injured fingers as
of yet

( 117 ) On 9/13/21 Unknown nurse Jane Doe come to
the plaintiffs cell in 7 house C wing cell 107
between 3:36 P.M and 5:00 P.M to look at his left
hand index and middle finger
Nurse Jane Doe gave the plaintiff a buddy
bandage to rap his fingers up and put him
in to have an x-ray on his left hand

( 118 ) On 9/16/21 Plaintiff seen defendant Terria J Stone
Nurse I.D # TJ5000JC noting in the plaintiffs
medical records that "the plaintiff can only
bend 50% middle finger mild edema tenderness
along index finger base; referred for x-rays

[ see attachment labeled Exhibit A-1.2
a copy of the plaintiffs medical records

Pg 61 of

( 119 ) On 8/23/21 to 8/29/21 plaintiff whent back on hunger strike requesting to come off of hunger strike if medical treated his fingers, gave him I.R.R.'s to file on the excessive force and denial of adequate medical care, to be given his ad seg property of sheets, towels, wash rags, blanket, pillow, clothes, hygine products of soap, tooth brush toilet paper, tooth paste and legal supplies of paper stamps, envelopes & ink pen.

(120) On 8/29/21 Plaintiff agreed to come off of hunger strike if staff agreed to give him I.R.R.s, allow him to purchase canteen approved ad seg item of hygine products and legal supplies because staff claimed the plaintiff had no legal supplies nor hygine products in his property. C.o I. Else told the plaintiff "he was scheduled to have his left hand looked at by medical." Else also stated to the plaintiff that the plaintiff didn't have any blanket, pillow, towels or clothes in his personal property.

( 121 ) On 9/7/21 the plaintiff recieved canteen items of approved legal supplies and hygine products

( 122 ) On 9/22/21 Plaintiff had x-rays on his left hand by x-ray Tech Maria C Isdell noting "soft tissue swelling" in plaintiffs medical records

( See Attachment labeled Exhibit A-1.3-C-1 a copy of the plaintiffs medical records )

( 123 ) On 9/28/21 x-ray Tech Still at Med Mo Medical reviewed plaintiffs x-rays of left hand noting "soft tissue swelling" in plaintiffs medical records

( See Attachment labeled Exhibit A-1.4 a copy of the plaintiffs medical records )

( 124 ) On 11/04/21 Plaintiff see defendant Terri J Stone about his left hand for inability to bend left index and middle finger, swelling, turning blue, purple, locks and don't move. Terri J Stone notes "index finger exam locking injury, swelling not able to bend finger or use index, intermitten discoloration of digit referral to ortho will place on list in plaintiffs medical records

pg 63 of

## Statement of Claims IV
### Count

(See Attachment labeled Exhibit C-1.6
a copy of the plaintiff medical records)

( 125 ) On 12/6/21 plaintiff went to nurses sick call

(see Exhibit labeled D-1.1
a copy of the plaintiffs medical records)

( 126 ) On 12/13/21 plaintiff tried to go to nurses sick call
cancelled short of staff

(127) On 12/16/21 plaintiff seen defendant Doc Paul E Burris
Nurse I.D.#PEB000MD about plaintiffs index finger
on left hand persistently inability to bend, post
injury several months back during custody procedure,
has swelling, tenderness, noting that finger had
generalized swelling and dislocation, is not able
to flex finger completely assessment referral
for ortho

(see Exhibit labeled D-1.4
for a copy of the plaintiffs medical records)

## Statement of Claims IV
Count

(128) On 12/20/21 Plaintiff seen defendant Terri J Stone Nurse I.D.# TJS000JL about the plaintiffs finger was approved for therapy evaluation

(see Exhibit labeled D-1.5
for a copy of the plaintiffs medical records)

(129) On 12/20/21 plaintiff tried to go to nurses sick call cancelled short of staff

-(130) On 12/27/21 plaintiff tried to go to nurses sick call cancelled short of staff

(131) On 1/10/22 plaintiff went to nurses sick call turned in HSR on finger

(see Exhibit labeled E-1
for a copy of the plaintiffs medical records)

(132) On 1/17/22 plaintiff tried to go to nurses sick call cancelled short of staff

(133) On 1/24/22 plaintiff tried to go to nurses sick call cancelled short of staff

-(134) On 2/7/22 plaintiff tried to go to nurses sick call cancelled short of staff

pg 65 of

( 135 ) On 2/14/22 plaintiff went to nurses sick call
turned in HSR on finger

(see Exhibit labeled E-1.9
for a copy of the plaintiffs medical records)

( 136 ) On 2/21/22 plaintiff went to nurses sick call
turned in HSR on finger

(see Exhibit labeled M-1.9
for a copy of the plaintiffs medical records)

( 137 ) On 2/23/22 plaintiff sent a notarized letter
request to M.D.O.C. medical care providers
centurion requesting for medical records

(see Exhibit labeled F-1.3, F-1.4
for a copy of the letter)

( 138 ) On 2/28/22 plaintiff tried to go to nurses sick call
cancelled short of staff

( 139. ) On 3/7/22 plaintiff tried to go to nurses sick call
cancelled short of staff

pg   66   of

Statement of Claims IV
Count

( 140 )On 3/14/22 plaintiff went to nurses sick call
turned in HSR on finger

(see Exhibit labeled F-1.8
for a copy of the plaintiffs medical records)

( 141 )On 3/21/22 plaintiff went to nurses sick call
turned in HSR on finger

(see Exhibit labeled N-1
for a copy of the plaintiffs medical records)

( 142 )On 3/28/22 plaintiff went to nurses sick call
turned in HSR on finger

(see Exhibit labeled F-1.9
for a copy of the plaintiffs medical records)

( 143 )On 4/5/22 plaintiff went to nurses sick call
turned in HSR on finger

(see Exhibit labeled G-1
for a copy of the plaintiffs medical records)

pg 67 of

( 144 ) On 4/11/22 plaintiff seen Defendant Doc Kieth E Segall Nurse I.D. # KES000JC about finger put in for evaluation and treat left index finger, trigger finger for M.R.I, for orthopedic consult, physical therapy, approved for physical therapy; 2 visits for 2 weeks total of 4 pt sessions

(see Exhibit labeled G-1.1, G-1.2, G-1.3, G-1.5 for a copy of the plaintiffs medical records)

(145) On 4/11/22 defendant M.D.O.C. Regional Medical Director Lovelace denied Defendant Kieth E Segall referral for the plaintiff to receive a M.R.I of the plaintiffs left index finger

(see Exhibit labeled G-1.4 for a copy of the plaintiffs medical records)

(146) On 4/11/22 defendant M.D.O.C. Regional Medical Director Lovelace denied Defendant Kieth E Segall referral for the plaintiff to be seen by a orthopedic surgeon for the plaintiffs left index finger

(see Exhibit labeled G-1.5 for a copy of the plaintiffs medical records)
pg 68 of



Statement of Claim IV
Count 10,11,12,13,14,15,16

( 147 ) On 4/19/22 plaintiff went to nurses sick call turned in HSR on finger

( see Exhibit labeled G-1.7
for a copy of the plaintiffs medical records )

( 148 ) On 5/9/22 plaintiff went to nurses sick call was cancelled short of staff

( 149 ) On 5/16/22 plaintiff went to nurses sick call turned in HSR on finger

( see Exhibit labeled G-1.9
for a copy of the plaintiffs medical records )

( 150 ) On 5/23/22 plaintiff went to nurses sick call was cancelled short of staff

( 151 ) On 6/6/22 plaintiff went to nurses sick call turned in HSR on finger

( see Exhibit labeled N-1.1
for a copy of the plaintiff medical records )

Pg 69 of

Statement of Claim IV
Count 10,11,12,13,14,15,16

(152) On 6/6/22 plaintiff filed I.R.R #J.C.C 22-966 grievance on M.D.O.C. J.C.C. medical for deliberate indifference to the plaintiffs serious medical needs to have access to adequate medical by minimal civilized measures of life's necessities of medical care by modern day societal standards of decency pursuant to R.S.Mo and CSR causing irreparable harm, unnecessary wonton pain and suffering to the plaintiffs current health and well being and future health and well being by M.D.O.C. J.C.C medical care providers and staff and personnel following actions but not limited to the unnecessary delay of medical care of my left index finger, on 8/3/21 my left index finger was injured by cos in excessive force in 7 house the rest of the plaintiff has outlined in this statement of facts the plaintiff asked for $300,000.00 for compensatory, nominal and punitive damages for pain and suffering the plaintiffs suffered from delay of medical care for over 9 months at the time the plaintiff filed the grievance of serious medical care and needs causing irreparable harm, permanent paralysis and disfigurement to the plaintiffs left index finger significantly impacting the plaintiffs current health and well being and future health and well being and the plaintiffs ability to work or provide for himself

pg 70 of



or doing normal every day routines for the rest of the plaintiff's life by the inability to have full function on the plaintiffs left index finger for the rest of his life from the prolonged delay of medical care to his left index finger,

( see Exhibit labeled H-1.3
for a copy of M.D.O.C. I.R.R, grievance, grievance appeals and responses to grievance # J.C.C.C 22-966 )

( 153 ) On 6/13/22 plaintiff had second x rays on left hand seen defendant doc kieth E Segall Nurse I D# K ES000JC about finger

( see Exhibit labeled
for a copy of the plaintiff's medical records )

( 154 ) On 6/15/22 plaintiff seen defendant Health service Administrator Beth Clad about the plaintiffs sister Sherry Matthews calling and complaining about the plaintiff not recieving any medical care for his left hand for almost a year



( 155 ) 6/22/22 the plaintiff was taken to Capital Regional medical center clinic patients to see OTR Justin Charles for physical therapy, on left hand confirming 57% patalysis in the plaintiffs left index finger and 30% in the left middle finger OTR Charles put the plaintiff in for a MRI of his left hand

( 156 ) On 6/18/22 plaintiff sent notarized letter to J.C.C. FUM Todd asking for I.R.R. to file on medical not having sick call since 6/9/22

(see Exhibit labeled I - 1.2
for a copy of notarized letter)

( 157 ) On 7/14/22 plaintiff tried to go to nurses sick call cancelled short of staff

( 158 ) On 7/11/22 plaintiff tried to go to nurses sick call cancelled short of staff

( 159 ) On 7/18/22 plaintiff tried to go to nurses sick call cancelled short of staff

( 160 ) On 7/25/22 plaintiff went to nurses sick call turned in H.S.R. on finger

pg 72 of



(see Exhibit labeled I-1.6
for a copy of the plaintiffs medical records)

( 161 ) On 8/1/22 plaintiff seen defendant doc Keith E
Segall about finger

(see Exhibit labeled
for a copy of the plaintiffs medical records)

( 162 ) On 8/8/22 plaintiff put in HSR on pain in left hand

(see Exhibit labeled I-1.7
for a copy of the plaintiffs medical records)

( 163 ) On 8/9/22 plaintiff had physical therapy session
for left hand with OTR Mitchell Mc Kinney over
video telemedicine

( 164 ) On 9/12/22 plaintiff put in HSR on left hand

(see Exhibit labeled J-1.2
for a copy of the plaintiffs medical records)

( 165 ) On 9/24/22 plaintiff put in HSR on pain in his left hand

(see Exhibit labeled J-1.7
for a copy of the plaintiffs medical records)

pg 73 of


( 166 ) On 9/24/22 plaintiff put in HSR for his medical records

(see Exhibit labeled J-1.8
for a copy of the plaintiffs medical records)

( 167 ) On 9/30/22 plaintiff had physical therapy session for left hand with Justin Charles over video telemedicine

(see Exhibit labeled ~~J~~ J-1.9
for a copy of the plaintiffs medical records)

( 168 ) On 10/3/22 plaintiff signed medical release paper work for M.D.O.C. medical care providers to get all the plaintiffs medical records from capital regional hospital

( 169 ) On 10/12/22 plaintiff had last approved physical therapy session for left hand with OTR Justin Charles, plaintiff was told on video telemed by Charles that he might not gain all the movement back in his hand and the plaintiffs left index finger was still 50% paralyzed that the plaintiff needed to see M.D.O.C. doctor about surgery or to get recommendations for futher physical therapy on hand

pg 74 of



<u>Statement of Claim IV</u>
Count 10, 11, 12, 13, 14, 15, 16.

(see Exhibit labeled J-1.9
for a copy of the plaintiffs medical treatment
records from OT outpatient daily document)

( 170 ) On 10/26/22 plaintiff turned in his HSR about left
index finger still being 57% paralyzed, still
swelling when being used and causing pain

(See Exhibit labeled K-1
for a copy of plaintiffs medical records along with
letter to 3 house case worker Johnson
complaining about medical not responding to
HSR's the plaintiff had turned in with no
responds to from medical in over 3 months

( 171 ) On 10/26/22 plaintiff sent notarized letter to
3 house case worker Johnson about medical not
responding to any HSR's the plaintiff had put
in for over 4 months

(See Exhibits labeled K-1.1, K-1.2, K-1.3
for a copy of the notarized letter



## Statement of Claim IV
### Count 10, 11, 12, 13, 14, 15, 16

( 172 ) On 11/1/22 plaintiff recieved letter from Centurion on cost of medical records

(See Exhibit labeled K-1.4 for a copy of letter)

( 173 ) On 11/2/22 plaintiff put in HSR on finger for it still being 57% paralyzed need treatment on, pain and swelling

(see Exhibit Labeled K-1.5 for a copy of the plaintiffs medical records)

( 174 ) On 11/2/22 plaintiff put in HSR to review medical records from capital recigonal Hospital

(see Exhibit labeled K-1.6 for a copy of the plaintiffs medical records)


( 175 ) On 11/17/22 plaintiff put in HSR on finger for it still being paralyzed and not recieving any thing for the pain.

(see Exhibit labeled L-1.2 for a copy of the plaintiffs medical records )

( 176 ) On 11/17/22 plaintiff put in HSR to review his medical records.

(see Exhibit labeled L-1.3 for a copy of the plaintiffs medical records )

( 177 ) On 11/17/22 plaintiff filed I.R.R# J.C.C. 22-966 on medical for stop treatment of left index finger still being 57% paralyzed in violation of plaintiffs Eighth Amend rights to adequate medical care of serious medical needs asking for treatment of finger to full function and movement and $300,000.00 nominal, compensatory and punitive damages

(see Exhibit labeled L-1.4 a copy of I.R.R# J.C.C. 22-966                    )

Statement of Claim IV
Count 10 11 12 13 14 15 16
~ ( )On 11/2/22 Plaintiff Filed I.R.R. on finger medical
Records
(See Exhibit labeled K-15, K-16
for copy of Plaintiffs medical records

( 178 ) On 11/30/22 plaintiff seen defendant Earl D Scott
Nurse I.D# EDS0009C about left index finger
still being 57% paralyzed, swells turns colors and
is disfigured, the pain getting worse and never
recieving anything for the pain, was Preferred
to have M.R.I. see orthopedic surgeon and
physical therapy on left index finger

( 179 ) On 12/20/22 plaintiff seen defendant Earl D Scott
Nurse I.D# EDS0009C about referrals of
M.R.I. othopedic surgeon and physical therapy
on left index finger
MDOC Defendant M.D.O.C. Regional Medical Director
Lovelace denied defendants (D) Earl D Scott's
referrals for the plaintiff to have M R I and
see othopedis surgeon.
Plaintiff was approved for 2 more physical
therapy sessions on left index finger

( 180 ) On 1/3/23 Plaintiff recieved I.R.R.# J.C.C.C 22-966
responds on denial of adequate medical care
on left index finger

(see Exhibit labeled L-1.4
for a copy of I.R.R.# J.C.C.C 22-966 responds )

pg 78 of



Statement of claim IV
Count 10, 11, 12, 13, 14, 15, 16

( 181 ) On 1/3/23 Plaintiff filed grievance on I.R.R.#
J.C.C.C. 22-966 on denial of adequate
medical care on left hand

(see Exhibit labeled M-1.2
for copy of grievance # J.C.C.C 22-966)

( 182 ) On 1/31/23 plaintiff filed notarized HSR
complaining about medical stopping treatment
on left index finger and not giving anything
for the pain with medical because medical
kept denying plaintiff turned in any HSR's.

(see Exhibit labeled M-1.5
for a copy of the plaintiffs medical records)

( 183 ) On 2/25/23 plaintiff seen Defendant Health
Services Administrator (HSA) Rachell about
I.R.R# J.C.C.C 22-2229   on stop treating finger,
defendant Rachell refussed to give the plaintiff
her complete name, title or position when asked
for by the plaintiff. When plaintiff showed Rachell
case Martin V Braliar, 36 Colo App 254 L #916
Chu V Paul Revere life Ins Co, 2018 U.S. Dist L# 38231
Mirfasihi V Honeywell Fed Mfg & Techs LLC 620 S.W. 3d 658
which outlines standards of care for trigger finger
is tendon release surgery, defendant Rachell

## Statement of claims IV
## Count 10, 11, 12, 13, 14, 15, 16

( 184 ) On 1/3/23 Plaintiff filed grievance on IRR# J.C.C.C 22-966 on denial of adequate medical care on left hand (see Exhibit labeled M-1.2 for copy of grievance# J.C.C.C 22-966)

( 185 ) On 1/31/23 Plaintiff filed notarized HSR complaining about medical stopping treatment on left index finger and not giving any thing for the pain just this was done this way with medical because medical kept denying the plaintiff turned in any HSRs (see Exhibit labeled M-1.5 for copy of the plaintiffs medical records)

( 186 ) On 2/25/23 plaintiff seen Defendant No 39 Rachell Moore J.C.C.C Health Service Administrator

about IRR# J.C.C.C 22-2229 on stop treating finger, Defendant 39 Rachell Moore J.C.C.C Health service Administrator

she refussed to give the plaintiff her complete name, title or position when asked for by the plaintiff, Plaintiff got her title from a co when leaving medical. when plaintiff showed Defendant No 39 Rachell Moore the J.C.C.C Health Service Administrator

cases Martin V Bralliar, 36 Colo App 254 L# 916; Chu V Paul Revere life Ins Co, 2018 U.S. Dist L# 38231; Mirfasihi Mirfasihi V Honeywell Fed Mfg & Techs, LLC, 620 S.W. 3d 658 which outlines standards of care for trigger finger which is tendon release surgery Defendant No 39

Rachelle Moore J.C.C.C. Health Service Administrator

Stated "she didn't give a dam how they treated the plaintiff's finger or what was done for him medically" "then asked the plaintiff to leave her office" the plaintiff complied with the directive and left the office.

(187) On 2/24/23 plaintiff filed another notarized HSR with medical stating "my finger was injured over a year ago, I was diagnosed with a serious medical need of trigger finger over a year ago, my finger is still 57 percent paralyzed, swells, turns colors and I have never recieved anything for the pain. My last physical therapy session was on 10/3/23. I put in my last notarized HSR on this issue on 1/31/23 This is the second notarized HSR I've put in on my finger this year. Per M.D.O.C. policy I.S. and S.O.P. 11-37.1 non emergency Health service request and triage I should have had my last HSR processed in 24 hours, I should have seen a medical care provider, with this second HSR per M.D.O.C policy I should be scheduled and see a medical care provider within 14 days non compliance with these M.D.O.C. policies will result in an IRR then legal litigation. By not being seen by a doctor within 24 hours of reciept of my HSR's on 1/31/23 and not having sick call more than 2 times a week M.D.O.C. medical is in violation of case law U.S. v Michigan 680 F supp 928, 1043-45, 1061 (WD Mich 1987), Johnson-El v Schoemehl 878, F2d 1043, 1045-55 (8th cir 1985)



(see Exhibit labeled M-1.6
for a copy of plaintiffs medical records

( 188 ) On 3/14/23 plaintiff sent Notarized letter to
Case worker Johnson requesting for I.R.R.
to file on medical not responding to the
plaintiffs HSR's

(see Exhibit labeled M-1.7
for a copy of plaintiffs letter)

( 189 ) On 3/14/23 plaintiff submitted HSR to J.C.C.C.
medical stating "this is the 3rd HSR I've sent in
the last 3 months on my left index finger
not being treated, I've been approved for physical
therapy since October 2022
I still have not recieved anything for the pain
or swelling in my left index finger

(See Exhibit labeled M-1.8
for a copy of the plaintiffs medical records)

( 190 ) On 3/24/23 plaintiff submitted Notarized letter to J.C.C.C.
3 house case Worker Johnson requesting for IRR. to file
on Medical not responding to IRR. filed on 11/17/22

(See Exhibit labeled N-1.5
for a copy of the plaintiffs letter)

( 191 ) On 3/28/23 Plaintiff submitted Notarized letter to J.C.C.C.
Grievance officer requesting for the next stage of
the grievance process to the IRR. filed on medical
on 11/17/22

(see Exhibit Labeled N'-1.6
for a copy of the plaintiffs letter)

( 192 ) On 4/5/23 Plaintiff filed Grievance to IRR# J.C.C.C. 22-2229
on stopping treatment of finger on 10/12/22

(See Exhibit Labeled O-1
for a copy of the plaintiffs Grievance # J.C.C.C 22-2229)

( 193 ) On 4/7/23 Plaintiff was called to Mass Sick call in the
gym because J.C.C.C medical was over 500 HSRs
behind.
Was sent from mass sick call in gym to medical to
see ~~Dr~~ Defendant No 15 Paul E Burris about his
back and finger. Burris put the plaintiff in for
another referral to see occupational therapist

Statement of claims IV
Count 10,11,12,13,14,15,16

about finger

(194) On 4/18/23 Plaintiff filed an HSR Notarized to medical stating My finger on my left hand index is still 57% percent paralyzed, It was injured on 8/3/21 and I have not recieved the published standards of care for what I've been diagnosed with trigger finger. Ive filed over 30 HSR's requesting medical care Im requesting an MRI and to see an orthopedic hand surgeon specialist as is the minimal standards of care for any one diagnosed with trigger finger.

(See Exhibit Labeled O-1.3
for a copy of the plaintiff's medical records)

(195) On 5/14/23 Plaintiff had medical appointment with nurse at 1:00 PM about HSR's put in on 2/24/23, 3/14/23, 3/14/23, 3/24/23, 4/18/23. Nurse told plaintiff there is no records of being referred by Defendant No 12.

on 11/30/22 or approval of physical therapy on finger on 12/20/22, nurse told plaintiff she would put him in for out count to see physical therapist for finger on left hand idex, and would send physical therapist copies of x-rays on left hand.

## Statement of Claims IV
## Counts 10, 11, 12, 13, 14, 15, 16

On 5/20/23 Plaintiff was seen by M.D.O.C J.C.C.C. Doc Bathes about his left index finger and was referred for occupational therapy, she stated that there was no records of the plaintiff being referred or approved for occupational therapy, MRI or any orthopedic hand surgeon specialist by Defendant Earl D. Scott

## Statement of Claim IV
### Count 18

Conditions of confinement deliberate indifference denial of the plaintiffs rights to minimal civilized measure of life's necessities to a sanitary, safe, and healthy environment violating the plaintiffs Eighth Amendment rights constituting cruel and unusual punishment;

( 196 ) On 9/29/21 plaintiff was moved in with offender Douglas E. Pennington into 6 house C wing 102

( 197 ) On 9/30/21 plaintiff talked to Defendant No 21 Remelle Blackmon

and

No 22 Last Name Tennyson

during housing unit case worker office hours. Plaintiff stated he still didnt have any personal property and was told by Defendant No 21 Remelle Blackmon

and

No 22 Last Name Tennyson

"that the plaintiff didn't have any proof he had any personal property because the plaintiff didn't have any reciepts to prove he had the property", the plaintiff then handed them a Mo sunshine law request requesting for a print out of his offender account for the last 10 years to prove his purchase of the plaintiffs missing property, the plaintiff then stated "that all my reciepts are in my missing property and it would be impossible for my property to all be missing or not have any after almost 25 years of prison.

Statement of Claims IV
Count 18

( 198 )Defendant No 21 Remelle Blackmon
stated that is the plaintiff can't produce any reciepts he don't
have any proof. The plaintiff then explained "how he was
medically laid in from all work, a 5 lb weight lifting restriction
and they was making the plaintiff cell with a handy capped
cellmate in a wheelchair, and wears diapers with
incontinence defecating all over the cell, his cellmate has
soiled all of his clothes and bedding, the plaintiff has had to
clean his cellmates clothes filled with fecal matter, fecal
matter all over the floor, down the outside of the toilet, all
over the sink and the housing unit don't provide any cleaning
supplies at all, that the co's will not provide the plaintiffs
cell mate with a wheel chair pusher and the co's are
requiring the plaintiff to push his cellmate to chow and
back even though the plaintiff has a 5 lb medical weight
lifting limit due to having a hernia. Defendant No 21
Remelle Blackmon
stated to the plaintiff "Don't clean up after your cellmate, no
one asked you to," Plaintiff stated "you can't leave me in a
cell without any cleaning supplies with a cellmate that keeps
defecating all over the place so since you don't want me to
clean up after him and will not give me any cleaning supplies,
or give my cell mate any more diapers then you can come to my
cell and clean up all the shit and you can push him to the chow hall,"
the plaintiff then asked Defendant No 21 Remelle Blackmon
~~cont~~ "for an IRR to file on conditions of
confinement" Defendant No 21 Remelle Blackmon
stated to the plaintiff "to get out of his office he wasn't going to get
any IRRs for anything" the plaintiff complied with Defendant
No 21 Remelle Blackmon            directive and left the office.

87      of

## Statement of Claim IV
## Count 18

( 199 ) On 10/17/21 plaintiff was called to the case workers office area by Defendant No 22 Last name Tennyson

to turn in his green pajamas because offenders wasn't allowed to have green pajamas any more. Plaintiff asked Defendant No 22 Last name Tennyson

what was going to be done about his missing property, not getting cleaning supplies to clean the cell, about his cell mate defecating all over the cell and his cell mate still being out of diapers." Defendant No 22 Last name Tennyson

stated "nothing is going to be done prison isn't a motel its prison". the plaintiff then asked for IRR's to file on violations of his rights", Defendant No 22 Last Name Tennyson

stated to the plaintiff "you will not get any IRR's, I was told by Fum Blackmon not to give you any now you can leave the office or go back to ad-seg" The plaintiff complied with the directive and left the office.

( 200 ) On 10/8/21 plaintiff sent a witnessed letter by his cell mate Douglas ~~Elizabeth~~ Pennington to Defendant No 21 Rehelle Blackmon and No 22 Last Name Tennyson Stating "I talked to your case workers about me having no work layin and 5 lb weight lifting restriction and you have me in a handy cap cell with a handy cap cell i that is in a wheel chair and wears diapers because he has incontinence and can't control his bowels, I'm

pg 88 of

doing the job of designated living assistant and hospice worker for him, he shits all over the toilet and floors, his bedding multiple times a day and I'm left cleaning it up and doing his laundry by hand in the cell without proper cleaning supplies, I've been in this house for over a week now and have not been afforded any cleaning supplies to clean the cell as of yet, my celli has been out of diapers for over 8 days now and he and I both asked the nurses 5 times a day when he gets we get our meds where his diapers are, being exposed to fecal matter

## Statement of Claim IV
### Count 18

On 10/12/21 plaintiff was call called to 6 house case workers office area. Defendant No 22.

stated to the plaintiff "for the plaintiff to stop having his sister call the prison" the plaintiff stated "my sister will stop calling when you treat me like I'm a human by giving my cell: diapers, giving me access to cleaning supplies, giving me IRR's to file on conditions of confinement, excesse use of force, denial of medical care for my finger, denial of access to the law libtary," Defendant No 22.

stated "You are not going to get any IRR's to file anything have you not learned your lesson yet, stop filling on stuff or you might find yourself back in ad-seg hurt again now leave my office." Plaintiff left the office as directed.

On 10/16/21 plaintiff sent signed letter to Defendant No 22 Last name, Tennyson
stating "I need an IRR to file on 6 house staff not affording C wing cleaning supplies to clean thier cells for not being afforded a clean safe healthful environment, for being denied access to the court by being denied access to get legal work notarized, on excessive force used on me on 8/3/21

(see Exhibit labeled C-1.3 for a copy of the plaintiffs letter to Defendant No 22

## Statement of Claim IV
## Count 18

( 2 0 3 ) On 10/20/21 plaintiff sent a signed letter to Defendant No 22

stating "I need an IRR for excessive force used on me on 8/3/21, denial of access to the courts by not affording me a QLC (qualified Legal claim) for me to have access to the law library to do legal research for violations of confinement by J.C.C.C. staff on my rights, I still have not been given any cleaning supplies to clean the cell how in almost a month

(see Exhibit labeled C-1.5 for a copy of the plaintiff's letter to Defendant

( 204 ) On 10/21/21 cell mate Douglas E Pennington was moved out still was not given any cleaning supplies.

( 205 ) On 10/25/21 Plaintiff was moved from 6 house to 2 house and was never given any cleaning supplies in almost a month of being in 6 house

Statement of Claim IV
Count 17
Denial of Adequate law library time.

( 206 ) Plaintiff on / / filed a QLC (Qualified legal claim) for extra law library time to do legal research on violations of conditions of confinement submitted while in C house and was denied.

(see Attachment labeled Exhibit ____ for a copy of QLC denial).

( 207 ) Plaintiff on 10/10/21 submitted a letter to the Defendant No 22.

asking for an IRR to file on denial of access to law library time

(see Attachment labeled Exhibit C-1.2 for a copy of letter).

( 208 ) Plaintiff on 10/16/21 submitted a letter to Defendant No 22.

asking for an IRR to file on denial of access to the law library time

(see Attachment labeled Exhibit C-1.3 for a copy of letter).

( 209 ) Plaintiff on 10/20/21 submitted a letter to Defendant No 22

asking for IRR to file on being denied QLC to have access to extra law time, to do legal research for violations of confinement by J.C.C.C. staff on the plaintiffs rights.

(See Attachment labeled Exhibit C-1.4 for a copy of the letter).

92 of

## Statement of Claim IV
### Count 17

( 210 ) Plaintiff on 10/25/21 submitted a letter to 2 house case workers asking for an IRR on denial of adequate access to the law library for law suit

(see Attachment labeled Exhibit C-1.5 for a copy of letter)

( 211 ) Plaintiff on 12/1/21 submitted a letter to J.C.C. 2 house case workers asking for IRR to file on denial of adequate access to the law library

(see attachment labeled Exhibit D-1 for a copy of letter).

( 212 ) On 12/9/21 Plaintiff was denied law library time due to shortage of staff.

( 213 ) On 12/13/21 Plaintiff was denied law library time due to shortage of staff

( 214 ) Plaintiff on 12/15/21 submitted a letter to Defendant No. 34 J.C.C. 2 House Fum asking for IRR to file on denial of adequate access to the law library.
(see attachment labeled Exhibit D-1.3 for a copy of letter).

( 215 ) On 12/20/21 Plaintiff was denied law library time due to shortage of staff and count being messed up

( 216 ) On 12/27/21 Plaintiff was denied law library time due to shortage of staff

( 217 ) On 1/3/22 Plaintiff was denied law library time due to shortage of staff

pg 93 of



Statement of Claims IV
Count 17

( 218 ) Plaintiff on 1/5/22 submitted a letter to Defendant No. 34
J.C.C.C. 2 House Fum
asking for IRR to file on denial of adequate access to the law
library
(see attachment labeled Exhibit D-1.6 for a copy of letter).

( 219 ) On 1/17/22 Plaintiff was denied law library time due to shortage
of staff

( 220 ) On 1/24/22 Plaintiff was denied law library time due to shortage
of staff and count being messed up

( 221 ) On 2/7/22 Plaintiff was denied law library time due to shortage
of staff

( 222 ) Plaintiff on 2/9/22 submitted a QLC for the second time for extra
law library time to do legal research on violations of
conditions of confinement
(see attachment labeled Exhibit B-2.2 front and Back of QLC form).

( 223 ) Plaintiff on 2/9/22 submitted a letter to Defendant No 34
J.C.C.C. 2 House Fum
asking for IRR to file on denial of adequate access to the
law library
(see attachment labeled Exhibit E-1.8 for a copy of letter).

( 224 ) Plaintiff on 2/16/22 submitted a letter to Defendant No 34
J.C.C.C. Fum
asking for IRR to file on denial of adequate access
to the law library

(see Attachment labeled Exhibit F-1 for a copy of letter).

pg  94  of

## Statement of Claim IV
### Count 17

( 225 ) On 2/21/22 Plaintiff was denied law library time due to shortage of staff

( 226 ) Plaintiff on 2/23/22 submitted a letter to Defendant No. 34 J.C.C.C. 2 House Fum asking for I.R.R. to file on denial of adequate access to the law library
(see attachment labeled Exhibit F-1.2 for a copy of letter).

( 227 ) On 2/28/22 Plaintiff was denied law library time due to shortage of staff.

( 228 ) On 3/7/22 Plaintiff was denied law libray time due to shortge of staff and count being messed up

( 229 ) Plaintiff on 3/9/22 submitted a letter to Defendant No. 34 J.C.C.C. 2 House Fum asking for I.R.R to file on denial of adequate access to the law library
(see attachment labeled Exhibit F-1.6 for a copy of letter).

( 230 ) On 3/10/22 the Plaintiff was approved for QLC extra law library time to consist per M.D.O.C. policy I.S and S.O.P 8-1.4 Access to law library Materials a minimal of 6 hours per week
(see attachment labeled Exhibit F-1.7 for a copy of the approved QLC law library time).

( 231 ) On 3/21/22 Plaintiff was denied law library due to count being messed up

( 232 ) On 4/4/22 Plaintiff was denied law library due to count being messed up

( 233 ) On 5/2/22 Plaintiff was denied law library due to shortage of staff

( 234 ) On 5/16/22 Plaintiff was dnied law library due to shortage of staff

## Statement of Claim IV
## Count 17

( 235 ) Plaintiff on 5/8/22 submitted a letter to Defendant No. 34
J.C.C. 2 House Fum
asking for I.R.R. to file on denial of adequate access to the law
library
(see Attachment labeled Exhibit H-1 for a copy of letter)

( 236 ) Plaintiff on 5/23/22 submitted a letter to J.C.C. Grievance
Officer Green asking for IRR to file on denial of adequate
access to the law library
(see Attachment labeled Exhibit H-1.2 for a copy of letter)

( 237 ) On 5/25/22 Plaintiff was denied law library due to lock down
short of staff

( 238 ) On 5/30/22 Plaintiff was denied law library due to shortage of staff

( 239 ) On 6/1/22 Plaintiff was denied law library due to shortage of staff

( 240 ) On 6/3/22 Plaintiff was denied law library due to shortage of staff

( 241 ) On 6/10/22 Plaintiff was denied law library due to shortage of staff

( 242 ) On 6/16/22 Plaintiff was denied law library due to shortage of staff

( 243 ) On 6/24/22 Plaintiff was denied law library due to shortage of staff

( 244 ) Plaintiff on 6/23/22 submitted a letter to Defendant No 35
J.C.C. 3 house Fum
asking for un IRR. to file on denial of adequate access to the
law library
(see attachment labeled Exhibit I-1.2 for copy of letter).

( 245 ) On 7/1/22 Plaintiff was denied law library due to count being
messed up

( 246 ) On 7/5/22 Plaintiff was denied law library due to shortage of staff

( 247 ) On 8/4/22 Plaintiff was denied law library due to shortage of staff

( 248 ) On 8/5/22 Plaintiff was denied law library due to count being
messed up

( 249 ) On 8/12/22 Plaintiff was denied law library due to shortage of staff

( 250 ) On 8/18/22 Plaintiff was denied law library due to shortage of staff

## Statement of Claim IV
### Count 17

( 251 ) Plaintiff on 8/19/22 submitted a letter to Defendant No 35
J.C.C.C. 3 House Fum
asking for IRR to file on denial of adequate law library time
(see attachment labeled Exhibit I-1.8 for a copy of letter)

( 252 ) Plaintiff on 8/19/22 submitted a letter to Defendant No 35
J.C.C.C. 3 House Fum
asking for IRR to file on denial of adequate access to the law
library, I have been trying to file on this for almost a year
now being denied an IRR to do so.
(see attachment labeled Exhibit I-1.9 for a copy of letter)

( 253 ) On 9/2/22 Plaintiff was denied law library due to shortage of staff

( 254 ) On 9/6/22 Plaintiff was denied law library due to shortage of staff

( 255 ) On 9/8/22 Plaintiff was denied law library due to shortage of staff

( 256 ) Plaintiff on 9/9/22 submitted a letter to J.C.C.C. 3 House case
worker Johnson asking for IRR to file on denial of
adequate access to the law library, I have been trying to file on
this for almost a year now being denied an IRR to do so.
(see attachment labeled Exhibit J-1.1 for a copy of letter).

( 257 ) On 9/23/22 Plaintiff was denied law library due to shortage of staff.

97    of

## Statement of Claim
## Count 17
## Denial of Adequate law library time

258) On 9/27/22 Plaintiff was denied law library due to count being messed up

259) On 9/15/22 Plaintiff was denied law library due to count being messed up

260) On 9/16/22 Plaintiff filed I.R.R #J.C.C-22-1123 on denial of adequate access to law library time to do legal research on violation of conditions of confinement by J.C.C. staff (See Attachment labeled Exhibit J-1. 4/3 pgs a copy of I.R.R #J.C.C-22-1123)

261) On 9/23/22 Plaintiff was denied law library due to shortage of staff and count being messed up)

262) On 10/4/22 Plaintiff was denied law library due to count being messed up)

263) On 10/7/22 Plaintiff was denied law library due to count being messed up)

264) On 10/11/22 Plaintiff was denied law library due to shortage of staff

265) On 10/27/22 Plaintiff was denied law library due to shortage of staff)

266) On 11/1/22 Plaintiff was only afforded law library from 1:30 to 3:30 PM short of staff had to close early

267) On 11/10/22 Plaintiff was only afforded law library from 6:05 to 7:40 PM short of staff had to close early

Statement of Claim
Count 17
Denial of Adequate law library time

268) On 11/2/22 Plaintiff recieved responds to
I.R.R.#J.C.C.C 22-1123 on denial of adequate
access to law library time, responds stated
that the plaintiff didn't recieved his full
6 hours with minimal access to the law
library a week because of shortage of
staff
(See Attachment labeled Exhibit K-1.7
a copy of I.R.R #J.C.C.C 22-1123 responds)

269) On 11/2/22 Plaintiff filed grievance appeal
to I.R.R#J.C.C.C 22-1123
(See Attachment labeled Exhibit K-1.8
a copy of I.R.R.#J.C.C.C 22-1123 grievance
Appeal)

270) On 11/24/22 Plaintiff was denied law library
due to shortage of staff

271) On 11/25/22 Plaintiff was denied law library
due to shortage of staff

272) On 11/29/22 Plaintiff was only afforded 45 min
of law library time due to count being messed up

273) On 12/1/22 Plaintiff was only afforded law library
from 6:10 to 7:40 PM short of staff had to close early

274) On 12/6/22 Plaintiff was only afforded law library
from 12:50 to 3:30 PM short of staff had to close early

275) On 12/15/22 Plaintiff was only afforded law library
from 6:10 to 7:40 Short of staff had to close early

Statement of Claim
Count 17
Denial of Adequate law library time

280) On 12/20/22 Plaintiff was denied law library due to shortage of staff
281) On 12/22/22 Plaintiff was denied law library due to count being messed up
282) On 12/23/22 Plaintiff was denied law library due to shortage of staff locked down
283) On 12/27/22 Plaintiff was only afforded law library from 1:00 to 2:30 PM short of staff had to close early
284) On 12/29/22 Plaintiff was only afforded law library from 6:35 to 7:40 PM short of staff had to close early
285) On 1/3/23 Plaintiff recieved grievance appeal responds to I.R.R. # J.C.C.C. 22-1123 (See Attachment labeled Exhibit M-1.3 a copy of I.R.R # J.C.C.C. 22-1123 grievance appeal responds)
286) On 1/5/23 Plaintiff was only afforded law library from 6:10 to 7:40 short of staff had to close early
287) On 1/10/23 Plaintiff was denied law library due to shortage of staff locked down
288) On 1/19/23 Plaintiff was only afforded law library from 6:10 to 7:30 short of staff had to close early
289) On 1/24/23 Plaintiff was denied law library due to count being messed up

<u>Statement of Claim</u>
<u>Count 17</u>
<u>Denial of Adequate law library time</u>

290) On 1/26/23 Plaintiff was only afforded law library ~~from 6:10 to 7:30 PM short of staff had to close early~~

291) On 1/26/23 Plaintiff was only afforded law library from 6:50 to 7:50 due to count being messed up.

292) On 1/31/23 Plaintiff was only afforded law library from 12:45 to 2:30 PM due to shortage of staff and count being messed up.

293) On 2/2/23 Plaintiff was only afforded law library from 6:15 to 7:30 do to short of staff

294) On 2/7/23 Plaintiff was only afforded law library from 1:30 to 3:30 count was messed up and short of staff and lost 30 min being forced to stand in hall for count

295) On 2/9/23 Plaintiff was only afforded law library from 6:10 to 7:40 short of staff

296) On 2/10/23 Plaintiff was only afforded law library from 8:10 to 10:00

297) On 2/14/23 Plaintiff was only afforded law library from 2:00 to 3:30 count messed up and short of staff and lost 30 min being forced to stand in hall for count

298) On 2/16/23 Plaintiff was only afforded law library from 6:20 to 7:20 short of staff again

299) On 2/17/23 Plaintiff was only afforded law library from 8:10 to 9:10 was limited to one hours on law computer

300) On 2/21/23 Plaintiff was denied any law library time due to count being late and short of staff

301) On 2/23/23 Plaintiff was only afforded law library from 6:15 to 7:30 PM due to shortages of staff

pg 101 of

## Statement of Claim
## Count 17
## Denial of Adequate law library time

302) On 2/24/23 Plaintiff was only afforded law library time from 8:00 to 9:00 Am

303) On 2/28/23 Plaintiff was only afforded law library time 1:00 to 3:00 Am due to shortage of staff

304) On 3/2/23 Plaintiff was only afforded law library time from 6:15 to 7:30 PM due to shortage of staff

305) On 3/3/23 Plaintiff was afforded law library time from 8:00 to 10:00 Am

306) On 3/7/23 Plaintiff was afforded law library time at all co's stated when plaintiff showed up for his law library time at 2:30 after his medical appointment, Co I Dobbins told the plaintiff to make better choices that the plaintiff chose to go to medical so he could have his law library time

307) On 3/9/23 Plaintiff was only afforded law library time from 6:15 to 7:30 Am due to shortage of staff

308) On 3/10/23 Plaintiff was afforded law library time from 8:00 to 10:00 Am

309) On 3/14/23 Plaintiff was afforded law library time from 1:40 to 2:30 PM due to count being messed up and shortage of staff

310) On 3/14/23 Plaintiff submitted Notarized letter to caseworker Johnson requesting for I.R.R. on denial of plaintiffs law library time on 3/7/23 by CO. Dobbins (see Exhibit labeled M-1.7 for a copy of letter)

102 of



Statement of Claim
Count 17
Denial of Adequate law library time

311) On 3/16/23 Plaintiff was afforded law library time from 6:20 to 7:30 AM due to shortage of staff

312) On 3/17/23 Plaintiff was afforded law library time from 8:00 to 10:00 AM

313) On 3/21/23 Plaintiff was afforded law library time from 1:40 to 2:30 PM due to count being messed up and shortage of staff

314) On 3/23/23 Plaintiff was afforded law library time from 6:20 to 7:30 AM due to shortage of staff

315) On 3/24/23 Plaintiff was afforded law library time from 8:00 to 10:00 AM

316) On 3/28/23 Plaintiff was afforded law library time from 1:00 to 2:30 PM count late short of staff

317) On 3/30/23 Plaintiff was not afforded any law library time due to shortage of staff and storm

318) On 3/31/23 Plaintiff was afforded law library time from 8:00 to 10:00 AM

319) On 4/4/23 Plaintiff was afforded law library time from 1:00 to 3:40 PM short of staff

320) On 4/6/23 Plaintiff was afforded law library time from 6:10 to 7:30 PM short of staff

321) On 4/7/23 Plaintiff was not afforded any law library time due to Mass sick call in gym from Medical being over 500 HSR's behind

322) On 4/11/23 Plaintiff was not afforded any law library time due to count being messed up and short of staff

pg 103 of

Statement of Claims

Count 17

Denial of Adequate law library time

(323) On 4/13/23 Plaintiff was afforded law library time from 6:10 to 7:30PM short of staff

(324) On 4/14/23 Plaintiff was afforded law library time from 8:00 AM to 10:00AM No libriarian couldn't get legal printouts of copies or notary

(325) ~~On~~ On 4/18/23 Plaintiff was afforded law library time from 1:30 PM to 3:30 PM short of staff count messed up

( ) ~~On 4/21/23 Plaintiff was afforded law library time~~

(326) On 4/21/23 Plaintiff was not afforded any law library time was closed for medical to have mass sick call in the gym because medical was over 500 HSRs behind for over 6 months of not responding to HSRs

(327) On 4/25/23 Plaintiff was only afforded law library time from 1:30 PM to 2:30 PM short of staff count messed up

(328) On 4/27/23 Plaintiff was only afforded law library time from 06:10 PM to 7:30 PM short of staff

(329) On 4/28/23 Plaintiff was only afforded law library time from 8:00 PM to 10:00 PM

(330) On 5/2/23 Plaintiff was only afforded law library time from 1:00 PM to 2:00 PM count messed up short of staff

(331) On 5/4/23 Plaintiff was only afforded law library time from 6:10 to 7:30 PM short of staff

(333) On 5/5/23 Plaintiff was only afforded law library time from 8:20 to 10:00 AM

(334) On 5/9/23 Plaintiff was only afforded law library time from 1:30 to 4:00 PM short of staff count messed up

pg 104 of

Statement of Claim IV
Count 17

( 335 ) On 5/11/23 plaintiff was only afforded law library time from 6:45 to 7:40PM short of staff count messed up

( 336 ) On 5/12/23 plaintiff was only afforded law library time from 8:30 to 10:00AM short of staff

( 337 ) On 5/16/23 plaintiff was only afforded law library time from 1:30PM to 2:30PM short of staff, count messed up

( 338 ) On 5/18/23 plaintiff was only afforded law library time from 6:10PM to 7:30PM short of staff

( 339 ) On 5/19/23 plaintiff was afforded law library time from 8:00AM to 10:00AM

( 340 ) On 5/23/23 plaintiff was only afforded law library time from 12:55PM to 2:30PM short of staff

( 341 ) On 5/25/23 Plaintiff was only afforded law library time from 6:10 to 7:30PM short of staff

( 342 ) On 5/26/23 Plaintiff was afforded law library time from 8:00AM to 10:00AM

( 343 ) On 5/30/23 Plaintiff was only afforded law library time from 12:50PM to 2:30PM short of staff

( 344 ) On 6/1/23 Plaintiff didn't go to law library was sick

( 345 ) On 6/4/23 Plaintiff didn't go was in hospital

( 346 ) On 6/6/23 Plaintiff didn't go was in hospital

( 347 ) On 6/8/23 Plaintiff only got law library time from 6:10 to 7:30PM short of staff

( 348 ) On 6/9/23 Plaintiff only was afforded law library time for an hour and half, had to see case workers

( 349 ) On 6/13/23

( 350 ) On 6/15/23

pg 105 of

# Statement of Claim IV
## Count 17

( 351 ) On 6/16/23

( 352 ) On 6/20/23

( 353 ) On 6/22/23

( 354 ) On 6/23/23

( 355 ) On 6/27/23

( 356 ) On 6/29/23

( 357 ) On 6/30/23

Joseph A. Becker                    V                    Plaintiff    .

John Doe et. al;                                         Defendant   .

               V  Injuries

## V Injuries

( 3 5 8 ) On 8/3/21 the plaintiff sustained contusions and abrasions to both shins, right and left foot, chest, both wrist and ankles and injuries to his left hand resulting with the plaintiff having permanent irrepairable harm of 57% percent paralysis of his left index finger, causing present and future physical pain and suffering and mental pain and suffering, disfigurement, permanent disability causing diminished current and future earning capacity, loss of enjoyment of life, current health and well being and future health and well being for the rest of the plaintiffs life caused by three different physical assaults in counts 2, 3 and 8 deliberate indifference excessive unnecessary use of force stated herein this Civil Rights Violation by defendants:

No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.40 John Doe

No.41 John Doe                                    and

as stated herein in this Civil Rights Violation Complaint.

# V Injuries

( 359 ) The plaintiff was treated with deliberate indifference denial and delayed adequate medical care to serious medical needs of injuries he sustained on 8/3/21 by factors unrelated to his medical needs stated herein in counts 1, 9, 10, 11, 12, 13, 14, 15 and 16 of this Civil Rights Violation Complaint by defendants stated herein causing the plaintiff the injury of permanent in repairable harm from the denial and delayed adequate medical care to serious medical needs causing the plaintiff the injury of 57% percent paralysis of his left index finger present and future physical pain and suffering and mental pain and suffering, permanent disfigurement, disability causing diminished current and future earning capacity, loss of enjoyment of life, current health and well being and future health and well being for the rest of his life caused by defendants:

No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

No 6 first name unknown last name Ike

No 7. John Doe J.C.C.C. Deputy Warden

## V Injuries

No. 8 John Doe J.C.C.C. Deputy Warden

No. 9 Riana Martin J.C.C.C. Deputy Warden

No. 10 Doris E Falkenrath J.C.C.C. Warden

No. 12 Earl D Scott Medical Care Provider

No. 13 Susan A Hodges Medical Care Provider

No. 14 Terri J. Stone  Medical Care Provider

No. 15 Paul E Burris  Medical Care Provider

No. 16 Kieth E Segall  Medical Care provider

No. 17 Jane Doe  Medical Care provider

No. 18 Beth Clad  J.C.C.C. Medical Administrator

No. 19 Diana Myers J.C.C.C.  Medical Administrator

No. 20 Jane Doe  Medical Care Provider

No. 23 Terry Wells  Medical Care Provider

No. 24 Ginger Wright Medical Care Provider

No. 25 Samantha Smith Medical Care Provider

# V Injuries

No.26 Jane Doe J.C.C.C Nurse Practitioner

No.27 Jane Doe J.C.C.C. Director of Nursing

No.28 Jane Doe J.C.C.C Health Service/Administrator

No.29 Jane Doe J.C.C.C. Medical Director

No.30 Jane Doe M.D.O.C. Associate Regional Medical Director

No.31 Firstname Jerry Lovelace M.D.O.C. Regional Medical Director

No.32 Corizon LLC

No.33 Centurion Health

No.37 Jane Doe Medical Care Provider

No.38 Jane Doe Medical Care Provider

No.39 Rachell More J.C.C.C Health Service Administrator

as stated herein this Civil Rights Violation Complaint.

# V. Injuries

## Deliberate indifference to the plaintiff's access to adequate law library time

( 360 ) The plaintiff was caused the injury of unnecessary delay and denial of adequate medical care of serious medical needs by factors unrelated to his medical need by the totality of systemic deficiencies in staffing, facility, procedures and failure to remedy these gross and obvious deficiencies of a prison system that was and is so disorganized and dysfunctional to cause a inadequate system to ensure sufficient numbers of staff, staff training and supervision to ensure the plaintiff receives adequate law library time causing the plaintiff to be denied adequate medical care by denial of adequate law library time for almost 2 years for the plaintiff to recieve adequate law library time to research law and determine what factors are necessary to state a cause of action in a 1983 Civil Rights Action to file an injunction to recieve adequate medical care causing the plaintiff the permanent intepairtable harm of 57% paralysis of his left index finget, unnecessary and wanton pain and suffering physically, mentally and emotionally by defendants No 36 Myles Stryd J.C.C.C Deputy Warden

No 7 John Doe J.C.C. Deputy Warden

No 8 John Doe J.C.C.C Deputy Warden

No 9 Ksaha Martin J.C.C.C Deputy Warden

## V. Injuries

No 10 Doris E Falkenrath J.C.C.C Warden

No 21 J.C.C.C FUM Remelle Blackmon

No 22 J.C.C.C Case worker last name Tehnyson

No 34 J.C.C.C FUM Last name Dittman

No 35. J.C.C.C Fum last name Todd          and

failure of providing the plaintiff with adequate
access to law library time to enable the plaintiff
to research law and determine what factors
are necessary to state a cause of action in
a 1983 Civil Rights action caused the plaintiff
the injury of denial and delay of adequate
medical care of serious medical needs by
the plaintiff not having adequate law library
time to file an injunction to recieve adequate
medical care causing the plaintiff the
permanent inrepairable harm of 57%
paralysis, disfigurement, disability,
loss of enjoyment of life and diminished
earning loss for the rest of his life.

110 of

Joseph A. Becket                    V              Plaintiff

John Doe et. al;                                   Defendant


VI Relief

Claims of Relief

# VI Relief
## Claims Of Relief

### Count 1

( 3 61 ) The actions of defendants

No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

No 6 first name unknown last name Ike and

deliberate indifference denial of adequate medical care of the plaintiffs serious medical needs by the defendants actions of denial of the plaintiff to recieve emergency medical care for over 3 hours after the defendants

No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

No 6 first name unknown last name Ike and

111 of

# VI Relief
## Claims Of Relief

### Count 1

had full knowledge of the plaintiff collapsed becoming medically incapacitated. The defendants had full knowledge the plaintiff was collapsed medically incapacitated in full restraints of ankle cuffs and hand cuffed behind his back because two times offenders in the same wing as the plaintiff banged, kicked on their cell doors and pushed the panic buttons in their cells, and two different times the defendants

No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 ~~John Doe~~ first name unknown last name Ike and

had come into the wing where the plaintiff was and inmates in the wing yelled at the defendants

No.1 John Doe

No.2 John Doe

No.3 John Doe

## VI Relief
## Claim of Releif
### Count 1

No.4 John Doe

No.5 John Doe

No.6 first name unknown last name Ike    and

informing them that the plaintiff was in the phone cage
passed out needing medical attention defendants
No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 first name unknown last name Ike    and

stated "they knew the plaintiff was in the phone cage but
wasn't going to get him any medical attention and
threatened the offenders in the wing to stop pushing
their panic buttons in their cells" by the defendants
No.1 John Doe

No.2 John Doe

No.3 John Doe

113    of

# VI Relief
## Claim of Relief
### Count 1

No 4 John Doe

No 5 John Doe

No 6 first Name Unknown last name Ike and

actions they knowingly and willingly denied the plaintiff medical attention for over 3 hours leaving the plaintiff medically incapacitated in full restraints of ankle cuffs and hand cuff behind his back on a concret floor constituting delibrate indifferent to the plaintiffs rights to treatment of serious medical needs were done maliciously and sadistically to punish the plaintiff constituting cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

# VI Relief
## Claims Of Relief
### Count 2
Deliberate indifference excessive unnecessary use of force

I.

( 362 ) The actions of defendants

No. 1 John Doe

No. 2 John Doe

No. 3 John Doe

No. 4 John Doe

and

No. 5 John. Doe

in using physical force against the plaintiff without need or provocation were done maliciously and sadistically to cause the plaintiff bodily harm constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and assault and battery under the law of Missouri

V I Relief

Claims of Relief

Count 3

Deliberate indifference excessive unnecessary use of force

II.

( 363 ) The actions of defendants

No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe                                    and

in using physical force against the plaintiff of the
the plaintiff was declared medically incapacitated
by defendant No 11

was without any need or provocation and were done
against medical orders maliciously and sadistically
to cause the plaintiff bodily harm constituted
cruel and unusual punishment in violation of the
Eighth Amendment to the United State
Constitution and assault and battery under
the law of Missouri.

116 of

# VI Relief

## Claims of Relief

## Count 4

Deliberate indifference liability for force: bystanders

I.

(     ) The actions of defendants

No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

No 6 first name unknown last Name Ike and

In failing to intervene while the plaintiff was being physically assaulted while they had a realistic opportunity to prevent and stop the beating of the plaintiff constituted deliberate indifference cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

117 of

# VI Relief

## Claims of Relief

### Count 5

Delibrate indifference liability for force: by standers

## II.

( ) The actions of defendants

No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 first name Unknown last name Ike and

in failing to intervene while the plaintiff was being physically assaulted while they had a realistic opportunity to prevent and stop the beating of the plaintiff constituted a second time during Count 3 after defendant No.11

declared the plaintiff medically incapacitated constituted deliberate indifference cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution

# VI Relief
## Claims of Relief
### Count 6

Deliberate indifference liability for force: Supervisor

( 366 ) The failure of Defendants

No 7 John Doe J.C.C.C Deputy Warden

No 8 John Doe J.C.C.C. Deputy Warden

No 9 Raina Martin J.C.C.C. Deputy Warden

No 10 Doris E Falkenrath J.C.C.C Warden

No 36 Myles Stryd J.C.C.C. Deputy Warden and

for failing to act against officers with records of misuse of force inadequate training, inadequate Investigation to take disciplinary or other actions to curb the known pattern of physical abuse of inmates by Defendants
No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

No 40 John Doe

## VI Relief
### Claims of Relief
### Count 6

No. 41 John Doe

directly leading to the plaintiff being assaulted
constituted deliberate indifference to the plaintiffs
and other inmates safety and contributed to
and proximately caused the above described violation
violation of constituted deliberate indifference
cruel and unusual punishment in violation of the
Eighth Amendment to the United States
Constitution, and assault and battery under
the law of Missouri

# V | Relief
## Claims of Relief
### Count 7

Deliberate indifference liability for force : by standers

III.

( 367 ) The actions of Defendants

No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 ~~John Doe~~ first name Unknown last name Ike

No.11 Jane Doe

No.12 Earl D Scott

and

No.13 Susan A Hodges

in failing to intervene while the plaintiff was being physically assaulted a third time during count 8 after Defendants

No.11 Jane Doe

No.12 Earl D Scott

No.13 Susan A Hodges

Pg. 121 of

## VI Relief
## Claims of Relief
## Count 7

had declared the plaintiff medically incapacitated the plaintiff was physically assaulted by defendants.

No. 40 John Doe

No. 41 John Doe

while they had a realistic opportunity to prevent and stop the beating of the plaintiff violated the plaintiffs rights under the Eighth Amendment of the United States Constitution.

122 of

## VI Relief
## Claims of Relief
### Count 8
Deliberate indifference excessive unnecessary use of force
### III.

( 368 ) The actions of Defendants

No 40 John Doe                                    and

No 41 John Doe

in using physical force against the plaintiff after the plaintiff was declared medically incapacitated by defendants

No 011 Jane Doe

No 12 Earl D Scott                               and

No 13 Susan A Hodges

was without any need or provocation and were done against medical orders maliciously and sadistically to cause the plaintiff bodily harm constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and assault and battery under the law of Missouri.

V I Relief
Claims of Relief

Count 9

(369) The actions of defendants No. 13 Susan Hodges and No. 16 Keith E Segall denial of adequate medical care by the defendants refusal to treat the plaintiffs serious medical needs of injuries to his left hand from / / to / / while the plaintiff was in T.C.U. medical on suicide watch and hunger strike, and being force fed with feeding tube the plaintiff informed Defendant No. 13 Susan A Hodges and No. 16 Keith E Segall that his left hand was injured on 8/3/21 with their responses stating "If the plaintiff wanted his hand treated he would come off of hunger strike", this directly caused the plaintiffs serious medical needs of treatment to his left hand to not be treated until / / causing a untimely treatment in the delay of treatment to serious medical needs of the plaintiff for the plaintiffs refusal to comply with conditions of coming off of hunger strike that was medically unjustified because no medical justification existed for not treating the plaintiffs injuries sustained on 8/3/21 until / / unless he agreed to come off of hunger strike constituted deliberate indifference to the plaintiffs medical needs for treatment of serious medical needs were done maliciously and sadistically to punish the plaintiff and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

pg 124 of

# VI Relief

## Claims of Relief

### Count 10

Deliberate indifference denial of adequate medical care of the plaintiffs medical needs.

## III.

( 270 ) The actions of Defendants:

No 28 Jane Doe
    J.C.C.C Health service Administrator

No 39 Rachell More
    J.C.C.C. Health Service Administrator

No 29 Jane Doe
    J.C C.C. Medical Director

No 30 Jane Doe
    M.D.O.C Associate Regional Medical Director

No 31 Jerry Lovelace
    M.D.O.C Reginal Medical Director's

No 12 Ear D Scott

No 13 Susan A Hodges

No 14 Terri J. Stone

No 15 Paul E Buttis

No 16 Kieth E Segall

No 26 Jane Doe
    J.C.C.C Nurse Practioner

No 27 Jane Doe
    J.C.C.C Director of Nursing

No 32 Corizon LLC. j

125 of

# VI Relief
## Claims of Relief
### Count 10

No 33 Centurion Health;

failure to provide the plaintiff access to specialty medical care, the plaintiffs condition required of published standards of care for what the plaintiff was diagnosed with of "trigger finger" in the form of denial of diagnostic test of M.R.I to identify specifically what injuries the plaintiff had sustained and orthopedic hand surgeon specialist to treat the plaintiffs injuries as per standards of published care for the diagnosis of "trigger finger" constituted deliberate indifference to the plaintiffs serious medical needs constituting cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## VI Relief

### Claims of Relief

### Count II

Deliberate indifference denial of adequate medical care of the Plaintiffs serious medical needs.

( 371 ) The actions of Defendants:

No. 39 Rachell Moore
   J.C.C.C. Health service Administrator

No. 28 Jane Doe
   J.C.C.C Health Service Administrator

No. 29 Jane Doe
   J.C.C.C Medical Director

No. 30 Jane Doe
   M.DOC Associate Regional Medical Director

No. 31 Jerry Lovelace
   M.D.OC Reginal Medical Director

No. 32 Corizon LLC,

No. 33 Centurion Health

failure to carry out prescribed medical treatment of the plaintiff medical care that was described by Defendants
No. 12 Earl D Scott

No. 14 Terri J Stone,

No. 16 Kieth E Segall

in the form of referrals for the plaintiff to recieve the specialized medical care of outside medical care of Orthopedic hand surgeon and

127 of



diagnostic test of M.R.I. to the plaintiffs left hand which required necessary specialized expertise to diagnose, prescribe and treat what the plaintiff has been diagnosed with of "Trigger finger", denying the plaintiff to be afforded the standardized test to diagnose the plaintiff with "trigger finger" constituted deliberate indifference to the plaintiffs medical need for treatment of serious medical needs by factors unrelated to the plaintiffs medical needs constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

# VI Relief

## Claims of Relief

### Count 12

Deliberate indifference denial of adequate medical care of the Plaintiffs serious medical needs.

( 372 ) The actions of defendants:

No. 28 Jane Doe
   J.C.C.C Health Services Administrator

No. 39 Rachell Moore
   J.C.C.C Health Services Administrator

No. 29 Jane Doe
   J.C.C.C Medical Director

No. 30 Jane Doe
   M.D.O.C Associate Regional Medical Director

No. 31 Jerry Lovelace
   M.D.O.C Associate Regional Medical Director

No. 32 Corizon L L C,

No. 33 Centurion Health

denial of adequate medical care of the plaintiffs serious medical needs by interfering with medical judgement of referrals of specialty treatment of published standards of care in the form of diagnostic test of M.R.I. and Orthopedic hand surgeon specialty specialist by factors unrelated to the plaintiffs medical needs by the M.D.O.C medical care providers custom and policy of denying the plaintiff treatment based on the cost of treatment making it unjustified for the denial of medical treatment prescribed by 7 referrals from 5 different medical care providers because no medical justification

129 of

existed or exist for not approving the prescribed referrals of specialty medical care for the minimal standards of medical care for the plaintiffs diagnosed of "trigger finger" caused the plaintiff to be denied adequate medical care by factors unrelated to the medical needs of the plaintiff causing the plaintiff to suffer the unnecessary injury of permanet and unrepairable harm of 57% paralysis of the plaintiffs left index finger wanton and unnecessary pain and suffering of physical, mental and emotional, by the the herein defendants knowing that such denial of the minimal standards of care would cause undo unrepairable permanet harm constituted deliberate indifference to the plaintiffs medical needs for treatment of serious medical needs constituting cruel and unusual punishment in the violation of the Eighth Amendment to the United States Constitution.

# VI Relief

## Claims of Relief

### Count 13

Deliberate indifference @ denial of adequate medical care of the Plaintiffs serious medical needs.

### VI.

( ) The actions of Defendants:

No 7 John Doe
     J.C.C. Deputy Warden

No 8 John Doe
     J.C.C. Deputy warden

No 9 Riaha Martin
     J.C.C. Deputy warden

No 36 Myles Stryd
     J.C.C. Deputy warden
No 10 Doris E Falkenrath J.C.C.C Warden

No 17 Jane Doe
     J.C.C.C. Medical Administrator

No 18 Beth Clad
     J.CCC Medical Administrator.

No 19 Diaha Myers
     J.C.C.C. Medical Administrator

No 26 Jane Doe
     J.C.C.C. Nurse Practioner

No 27 Jane Doe
     J.C.C.C. Director of Nursing

No 28 Jane Doe
     J.C.C.C. Health Service Administrator

No 39 Rachell Moore
     J.C.C.C Health Service Administrator

No 29 Jane Doe
     J.C.C.C Medical Director of

131

No. 30 Jane Doe
    M.D.O.C Associate Regional Medical Director
No. 31 Jerry Lovelace
    M.D.O.C Regional Medical Director
No. 32 ~~Centurion~~ Corizon LLC;
                                        and

No. 33 Centurion Health

denial of adequate medical care of the plaintiffs
serious medical needs by factors unrelated to the
plaintiffs medical needs by the actions of
defendants
M.D.O.C administrators                    and
M.D.O.C administrators
failure to correct known systemic deficiencies in the
M.D.O.C medical care system of staffing, facilities,
and procedures which made the unnecessary
suffering of the plaintiff inevitable from the sheer
disorganization and dysfunction of the M.D.O.C
medical care program preventing the plaintiff
from recieving necessary medical care to identify and
diagnose the plaintiffs medical needs and make sure the
plaintiffs medical needs was treated by the denial of a medical
care system to meet minimal standards of adequacy
constituted deliberate Indifference to the plaintiffs medical
needs for treatment of serious medical needs constituting
cruel and unusual punishment in the violation of the
Eighth Amendment to the United States Constitution.

132 of

## VI Relief
### Claim of Relief
### Count 14

Deliberate indifference denial of adequate medical care of the Plaintiffs serious medical needs.

### VII

( 374 ) The actions of defendants
    No 17 Jane Doe
        J.C.C.C. Medical Administrator
    No 18 Beth Clad
        J.C.C.C. Medical Administrator
    No 19 Diana Myers
        J.C.C.C. Medical Administrator
    No 20 Jane Doe
        Medical Care Giver
    No 23 Terry Wells
        Medical Care Giver
    No 24 Ginger Wright
        Medical Care Giver
while in the position and responsibility and duty of scheduling, offenders for out count specialized medical care failed to ensure the scheduling of the plaintiff in a timely manner to see an Occupational Therapist for the plaintiffs diagnosed and prescribed treatment of "trigger finger" to his left hand for over 6 months, the Occupational therapy was approved on 12/20/21 and didn't get sent out to see the Occupational therapy specialist until 6/22/22 then on the plaintiff was approved for Occupational therapy again and didn't recieve this approved specialty care until / / over ____ months after approval creating a pattern of practice causing the plaintiff to be denied access to personnel qualified to

133
of

exercise judgement about particular medical problem of specialized expertise by the combination in totalities of sytemic deficiencies and failure to remedy the gross and obvious deficiencies of the M.D.O.C system that was and is disorganized and dysfunctional to cause an inadequate system for identifying the plaintiffs injury and making sure that the diagnoses was treated by certified medical care givers that was grossly shocking, incompetent, inadequate and excessive to be intolerable to fundamental fair fairness to cause the plaintiff to be denied the minimal necessary adequate medical care caused by the delay and denial of medical treatment by factors that was unrelated to the medical needs of the plaintiff causing the plaintiff to suffer the unnecessary injury of permanent and unrepairable harm of 57% paralysis of the plaintiffs left index finger, wanton and unnecessary pain and suffering of physical mental and emotionaly that was medically unjustified because no medical justification existed or exsist for not scheduling and ensuring the plaintiff recieved such care of specialize medical care that would cause undo unrepairable permanent harm constituted deliberate indifference to the plaintiffs medical need for treatment of serious medical needs, constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

134 of

# VI Relief
## Claims of Relief
### Count 15

Deliberate indifference denial of adequate medical care of the
Plaintiffs serious medical needs.

### VIII

(        )The actions of Defendants

No. 36 Myles Stryd
    J.C.C.C. Deputy Warden

No. 7 John Doe
    J.C.C.C. Deputy Warden

No. 8 John Doe
    J.C.C.C. Deputy Warden

No. 9 Riana Martin J.C.C.C. Deputy Warden

No. 10 Doris E Falkenrath J.C.C.C. Warden

No. 17 Jane Doe
    J.C.C.C. Medical Administrator

No. 18 Beth Clad
    J.C.C.C. Medical Administrator

No. 19 Diana Myers
    J.C.C.C. Medical Administrator

No. 26 Jane Doe
    J.C.C.C. Nurse Practitioner

No. 27 Jane Doe
    J.C.C.C. Director of Nursing

No. 28 Jane Doe
    J.C.C.C. Health Service Administrator

No. 29 Jane Doe
    J.C.C.C. Medical Director

No. 30 Jane Doe
    M DOC Associate Reginal Director

135 of

VI Relief
Claims of Relief
Count 15

No. 31 Jerry Lovelace
        M.D.O.C Regional Director
No. 32 Corizon L.L.C.,

No. 33 Centurion Health)

denial of adequate medical care of the plaintiffs serious
medical needs by factors unrelated to the plaintiffs
medical needs by the actions of the systemic
deficiencies in the medical care system of staffing,
facilities, and procedures which made the
unnecessary suffering of the plaintiff inevitable
from the sheer disorganization and dysfunction of
the M.D.O.C. medical program preventing the
plaintiff from receiving the necessary medical
care to identify

# VI Relief
## Claims of Relief

### Count 15

the plaintiffs medical needs, make sure that the diagnosis was treated by qualified medical care workers creating a medical care sytem that was and still is systemically deficient to be so grossly shocking incompetent, inadequate and intolerable to fundamentaly fairness to can be caused by the combination of systemic deficiencies in the M.D.O.C. medical care program deprived the plaintiff of the minimal civilized measures of life's necessities adequate access to a M.D.O.C. medical care system to meet minimal standards in totality of circumstances when added together have mutually enforcing effect that has produced the deprevation of the single, identifiable human need of access to adequate medical care becoming unconstitutional in combination of the following but not limited to:

15-a ] by the denial of the plaintiff the ability to make his medical needs known to staff by sick call being conducted in a fashion that denied the plaintiffs complaints to be evaluated in a professional manner by not adhering to M.D.O.C. policy I.S. and S.O.P 11-37.1 non emergency health services and sick call and case law U.S. V State of Michigan 680 F Supp 928, 1043-45, 1061 (W.D Mich 1987) stating pg 137, of

# VI Relief
## Claims of Relief

Count 15

(decisions about medical priorities cannot be made from inmates written complaint without examination, requiring all written complaint systems to be seen by a doctor within 24 hours); Johnso-El V Schoemehl 878, F2d 1043 @1054-55 (8th cir 1985) (sick call only once a week stated a constitutional claim), by M.D.O.C. medical not having open sick call for months at a time, not having open sick call consistently a minimal of 2 times a week not processing HSR's for months at a time after the plaintiff turned them in after reciept of, not having each of the plaintiffs HSRs stating a clinical symptom or complaint evaluated face to face, not providing the plaintiff when presenting non emergency HSR's more than two times with the same complaint and had not seen a provider the plaintiff didnt receive an appointment to be seen by a medical care provider, the plaintiff after being seen by sick call more than twice for the same complaint was not seen by a provider and was not scheduled to see the provider by a referral to the provider should be seen within 14 days of the plaintiffs complaint)

# VI Relief
## Claims of Relief

Count

15-b] deficiencies of inadequate staffing;
b-1} insufficient medical staff to have sick call on a weekly basis causing open sick call to only be open 8 times in 9 months;
b-2} since medical didnt have sufficient staff to have open sick call anymore it was changed to closed sick call where offenders turned in HSRs then would be scheduled to see medical month after the plaintiff turned in his HSRs;
b-3} Staff was so insufficient when it had closed sick call that staff didn't respond to HSRs for up to 4 or 6 months after the offenders and plaintiff submitted them;
b-4} deficiencies inadequate staff was so inadequate that there was no supervision of medical staff with latent unfilled positions of director of nursing, health service administrator medical director, director of nursing, health service administrator, medical director, responsible physician and other supervisory staff for months to monitor and insure that offenders was receiving the proper health care as outlined by the national commissions on correctional health care standards for health services in prison causing the plaintiffs grievances on medical issues to not be responded to for up to 6 months and failure to correct medical tracking systems which resulted in

Pg 139 of

# V I Relief
## Claims of Relief

Count 15

the delay of the plaintiff's scheduling of outside specialty medical care treatment to occupational therapy from 12/20/21 when approved until 6/22/22 when plaintiff was finally seen for the first time for occupational therapy, and be again denied and delayed for occupational therapy he was approved on / / and didn't recieve care for untill / / and months after approval of the second set of occupational therapy appointments, when the plaintiff was finally for the first time for occupational therapy, it was over 13 months from the time the plaintiff was diagnosed and prescribed treatment of "trigger finger" 13 months from the time the plaintiff sustained and reported to medical on 8/3/21 caused the plaintiff to be denied adequate medical care as outlined in M.D.O.C. policy I.S. and S.O.P. 11-37.1 nonemergency health services and sickcall and case law U.S. V Michigan 680 F Supp 928, 1043-45, 1061 (W.D. Mich 1987), Johnson-El V Schoemehl 878 F2d 1043, 1054-55 (8th cir 1989) by M.D.O.C. not adhering to the standards of care as outlined within M.D.O.C. policy the plaintiff was not afforded to be able to communicate his medical need;

## VI Relief
## Claims of Relief

Count # 15

b-5} inadequate facilites to provide the plaintiff with access to standards of published specialist medical care that the plaintiffs condition required and was prescribed by 7 referrals by 5 different medical care workers for what the plaintiff was diagnosed with of "trigger finger" of diagnostic test of M.R.I. to identify specifically what was injured in the plaintiff and orthopedic hand surgeon specialst was denied such standards of specialized care because the facility didn't have such care and it was the policy and custom to deny such care on the bases of cost in transportation and specialized care causing the plaintiff to be denied specialized care by factors unrelated to his medical needs;

b-6} denial of adequate accurate medical records to provide a continuity of medical care by the failure to maintain a reasonably complete and organized system of medical records to ensure the plaintiff was sent out to specialty care of occupational therapy for over 13 months after it was approved, failure to provide occupational therapist with the plaintiffs x-rays for over ____ months and failure to schedule and provide the plaintiff with occupational therapy over telemedicine in

pg (4) of

Count 15

in a timely manner by not scheduling the plaintiff's occupational therapy over telemedicine for    months after approval of second set of sessions on    /  /

b - 7 $ by M.D.O.C. medical administrators from failure to correct known systemic deficiencies in the medical care system of staffing, facilities, and procedures which made unnecessary suffering of the plaintiff inevitable from the sheer disorganization and dysfunction of the medical program preventing the plaintiff from receiving necessary medical care to identify the plaintiffs medical needs and make sure that the plaintiff was diagnosed and treated for his medical needs by the denial of a M.D.O.C. medical care system to meet minimal standards of adequacy

Count 15

b-8 } the systemic deficiencies in staffing, facilities and procedures which made the plaintiff unnecessary suffering inevitable by the lack of disorganization dysfunction and control in administation of health services creating an inadequate system for identifying the plaintiffs medical needs, insuring that diagnosis was treated by qualified medical care workers the inadequate supervision of medical staff caused the denial of the plaintiff to adequate necessary medical care system that meets minimal standards of adequacy which are necessary, caused the delay and denial of the plaintiffs medical care by factors that was unrelated to the medical needs of the plaintiff causing the plaintiff to suffer the unnecessary injury of permanent unrepairable harm of 57% paralysis of the plaintiffs left index finger causing wanton and unnecessary pain and suffering of physical, mental and emotional pain constituted deliberate indifference to the plaintiffs serious medical needs constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

Pg 143 of

# VI Relief
## Claims of Relief
### Count II

Deliberate indifference denial of adequate medical care to the
Plaintiffs serious medical needs

IX.

( 376 ) The actions of Defendants

No 36 Myles Stryd
   J.C.C.C. Deputy Warden

No 7 John Doe
   J.C.C.C. Deputy Warden

No 8 John Doe
   J.C.C.C. Deputy Warden

No 9 Riana Martin
   J.C.C.C. Deputy Warden

No 10 Doris E Falkenrath
   J.C.C.C. Warden

No 17 Jane Doe
   J.C.C.C. Medical Administrator

No 19 Diana Myers
   J.C.C.C. Medical Administrator

No 28 Jane Doe
   J.C.C.C. Health Service Administrator

No 32 Corizon L.L.C.;
                                          and

No 33 Centurion Health

failure to provide guards at J.C.C.C. with the least
minimal training in recognizing and dealing with
medical emergencies denied the plaintiff with
adequate medical care by Defendants

No 1 Jane Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

No 6 First name unknown last Name Ike    and

by these defendants not having the minimal training in recognizing and dealing with medical emergencies caused the plaintiff the injury of pain and suffering of being denied and delayed medical care for over 3 hours as the plaintiff was left in fall restraints medically incapacitated on a concrete floor in fear of his death because M.D.O.C. staff was not properly trained to identify and treat his emergency medical needs and failed to train J.C.C.C. staff in proper medical procedures in moving and transporting offenders that are medically incapacitated to the medical crush cart, to medical and from medical beds to beds in I.C.U cells causing the injury to the plaintiffs left index finger which caused the plaintiff left index finger to be permanently paralyzed by 57% percent constituting deliberate indifference to the plaintiffs serious medical needs constituting cruel and unusual punishment in violation of the Eight Amendment of the United States Constitution.

145 of

# VI Relief
## Claims of Relief
### Count 17

Deliberate indifference to the plaintiff's access to adequate law library time.

( 777 ) The failure of Defendants:

No 36 Myles stryd
   J.C.C.C. Deputy Warden

No 7 John Doe
   J.C.C.C Deputy Warden

No 8 John Doe
   J.C.C.C. Deputy Warden

No 9 Riana Martin
   J.C.C.C. Deputy Warden

No 10 Doris E Falkenrath
   J.C.C.C. Warden

No 21 Remelle Blackmon
   J.C.C.C. FUM

No 22 Last name Tennyson
   J.C.C.C case worker

No 34 Last name Dittman
   J.C.C.C. FUM                              and

No 35 Last name Todd
   J.C.C.C. FUM

failure of not providing the plaintiff with adequate access to law library time to enable the plaintiff to research law and determine what factors are necessary to state a cause of action in a 1983 civil rights action by the defendants actions of creating and not correcting the totality of systemic deficiencies in staffing facility procedures and failure to remedy these gross

pg 146 of

# VI Relief

## Claims of Relief

### Count 17

and obvious defeciencies of a prison system that was so and is still so disorganized and dysfunctional to cause a inadequate system to ensure sufficient numbers of staff, staff training and supervision to ensure the plaintiff recieved

# VI Relief
## Claims of Relief

Count 17

adequate law library time in accordance with M.D.O.C. policy and case law:

17-a) M.D.O.C. policy I.S. and S.O.P 8-1.7 Access to law library materials section D. Scheduling subsection 1. Each facility shall establish a standard operating procedure for law library schedule, which shall, at minimum ensure general population offenders who whish to use the law library the opportunity for 6 hours of access per week for qualified legal claims and;

17-b) case law Johnson El V Schoemehl 878 F2d 1043, 1053 (8th cir 1989)(one hour twice a week in the law library was obviously inadequate to research most legal claims); Williams V Lecke 584 F2d at 1340 (meaningful legal research cannot be done in 45 min intervals); Cruz V Hauck 627 F2d at 720 (two or three hours a week might be inadequate);

17-c) lack of sufficient staff to train, supervise and ensure that the staff is able to complete their duties of counting and clearing count in a ~~consistent~~ consistent concise time to ensure unnecessary delays in count on a regular basis so they don't distrupt regular routines of order of institutional operations such as the plaintiffs access to

Count 17

to adequate law library time;

17 - d } insufficient numbers of staff to have sufficient staff so there would be sufficient staff to be present so the plaintiff could recieve adequate law library time;

17 - e } insufficient number of law library staff to have a librarian present sufficiently enough to have regular law library hours,

for the plaintiff to recieve adequate law library time caused a totality of circumstances when added together have mutually enforcing effect that has produced the deprivation of the single, identifiable right of the plaintiff to have adequate access to the law library to do legal research becoming unconstitutional in combination of the systemic deficient system of every day prison operations that is grossly shocking, incompetent, inadequate and excessive to be intolerable to the fundamental fairness to cause the plaintiff the injury of unnecessary and wanton pain and suffering of physical, mental and emotionally in not being able to recieve adequate medical care of serious medical needs by the plaintiffs unnecessary delay in being able to get sufficient

149 of

## VI Relief
## Claims of Relief

Count 17

law library time to enable the plaintiff to research
law and determine what facts are necessary
to state a cause of action in a 1983 civil
rights action to file an injunction to recieve
medical care of serious medical needs
constitutes deliberate indifference
conditions of confinement denial of access
to the courts in violation of the First,
Eighth and Fourteenth Amendment of
the United States Constitution.

Document 150 of

# VI Relief
## Claims of Relief
### Count 18

Deliberate indifference to the plaintiffs rights to the minimal civilized measure of life's necessities to a sanitary, safe, and healthful environment.

( 378 ) The actions of Defendants:
No. 21 Remelle Blackmon
       J.C.C.C FUM                                          and
No. 22 Last name Tennyson.
       J.C.C.C Caseworker
failure to provide the plaintiff with a sanitary, safe, and healthful environment to the minimal civilized measure of life's necessities by forcing the plaintiff to live in a cell with another offender cell mate with the medical condition of incontinence, not providing the plaintiffs cell mate with any diapers for his incontinence forcing the plaintiffs cell mate to soil his clothing, bedding, leaving fecal matter all over the floor, sink, toilet, and walls of the cell the defendants refusal to provide the plaintiff with any cleaning supplies to clean up the fecal matter from his cell mate getting fecal matter all over the place, forcing the plaintiff to push his cell mate in a wheel chain to chow against the plaintiffs medical disability of medical no work layin and 5 lbs weight lifting restriction, forcing the plaintiff to clean up and care for his disabled cell mate or live in a cell filled with fecal matter for (      ) days

## VI Relief

### Claims of Relief

Count 18

constituting deliberate indifference conditions of confinement in violation of the Eighth Amendment of the United States Constitution.

# VI Relief
## Claims of Relief
### Count 19

Deliberate indifference to the plaintiff's rights to the minimal civilized measure of life's necessities to a sanitary, safe and healthful environment and personal hygine, appropriate clothing, bedding and mattress.

( 379 ) The failure of Defendants

No 6 Last name Ike
   J.C.C.C. 7 house Sgt

No 42 Last name Tallent
   J.C.C.C. 7 house Sgt

No 43 Jane Doe
   J.C.C.C. 7 house case worker          and

No 44 Last Name Williams
   J.C.C.C. 7 house Sgt

to provide the plaintiff with a sanitary, safe, healthful environment with personal hygine items, appropriate clothing, bedding, pillow or a mattress to meet the minimal civilized measure of life's necessities by forcing the plaintiff to go without the basic ad seg property of hygine products, washrag, towels, sheets, blanket, clothes, pillow or a mattress and no legal supplies while in ad seg, forcing the plaintiff to go on hunger strike two times a total of (    ) days while in ad seg just to get a few of the basic personal ad seg property as outlined with in M.D.O.C. policy. Creating the totality of circumstances when added together have the mutually enforcing effect that has produced the deprivation of the plaintiffs single indentifiable

153 of



## V I Relief
### Claims of Relief

Count 19

human need of access to the minimal
civilized measure of lifes necessities
for ( 21 ) days violated the plaintiffs
rights under the Eighth Amendment
to the United States Constitution.

pg 154 of

# VI Relief

## Relief Request

A. Issue of declaratory judgement stating that:

(380) 1. Count 1
Deliberate indifference denial of adequate medical care to the plaintiffs serious medical needs

### I.

The delay and denial of adequate medical care by the Defendants:

No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 Last Name I Ke                    and

actions in failing to provide adequate medical care to the plaintiff violated the plaintiffs rights under the Eighth Amendment to the United States Constitution.

# V I Relief

## Relief Request

A. Issue of declatory judgement stating that:

2. Count 2
Deliberate indifference excessive unnecessary use of force

I.

The physical abuse of the plaintiff by Defendants:

No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe                                    and

No 5 John Doe

violated the plaintiffs rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law of Missouri.

156 of

## V Relief

| Relief | Request |
|--------|---------|

A. Issue of declatory judgement stating that:

3. Count 3
Deliberate indifference excessive unnecessary use of force

## II.

The physical abuse of the plaintiff by Defendants:
No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe                                    and

No 5 John Doe

a second time after the plaintiff was declared medically incapacitated by Defendant No 11

Violated the plaintiffs rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law of Missouri.

157   of

## V I Relief

| Relief | Request |
|--------|---------|

A. Issue of declatory judgement stating that:

(384) 4. Count 4
Deliberate indifference liability for force: bystanders

I.

That Defendants:

No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe                                                    and

No 6 Last Name Ike

in failing to intervene while the plaintiff was being physically assaulted during count 2 the first assault had a realistic opportunity to prevent and stop the beating of the plaintiff violated the plaintiffs rights under the Eighth Amendment of the United States Constitution.

158 of

# VI Relief

## Relief Request

A. Issue of declatory judgement stating that:

(385) 5. Count 5
Deliberate indifference liability for force: bystanders

## II.

That Defendants:

No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 Last Name Ike

and

No.11 Jane Doe

In failing to intervene while the plaintiff was being physically assaulted during Count 3 the second assault ~~had a realistic opportunity to prevent~~ and after defendant No.11

declared the plaintiff medically incapacitated had a realistic opportunity to prevent and stop the beating of the plaintiff violated the plaintiffs rights under the Eighth Amendment of the United States Constitution

pg 159 of

## VI Relief

### Relief Request

A. Issue of declatory judgement stating that:

( 386 ) 6. Count 6

Deliberate indifference liability for force: Supervisor

That Defendants:

No 7 John Doe
J.C.C.C. Deputy Warden

No 8 John Doe
J.C.C.C. Deputy Warden

No 9 Riana Martin
J.C.C.C. Deputy Warden

No 10 Doris E Falkenrath
J.C.C.C. Warden                                    and

No 36 Myles Stryd
J.C.C.C. Deputy    Warden

failure to take action against officers with records of
misuse of force, inadequate training, inadequate
investigation to take disciplinary or other actions to
curb the known pattern of physical abuse of inmates
by Defendants

No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

pg. 160  of

# VI Relief

## Relief Request

A. Issue of declatory judgement stating that:

6. Count 6

No. 6 Last name I ke

No. 40 John Doe

and

No. 41 John Doe

lead to the plaintiff being assaulted violated the plaintiffs rights under the Eight Amendment of the United States Constitution.

~~extortion~~

161  of

# VI Relief

## Relief        Request

A. Issue of declatory judgement stating that:

7. Count 7
Deliberate indifference lrability for force; by standers
### III.

That Defendants:
No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 John Last Name Ike

No.11 Jahe Doe

No.12 Earl D Scott                    and

No.13 Susan A Hodges

failed to intervehe while the plaintiff was being physically
assaulted a third time during count 8 after Defendants
No.11 Jahe Doe

No.12 Earl D Scott

Pg 162 of

## VI Relief

### Relief Request

A. Issue of declatory judgement stating that:

7. Count 7

and

No.13 Susan A Hodges
had declared the plaintiff medically incapacitated
the plaintiff was physically assaulted by
Defendants:
No 40 John Doe

and

41 John Doe
who while defendants had a realistic opportunity
to intervene, prevent and stop the physical
abuse of the plaintiff violated the plaintiffs
rights under the Eighth Amendment of the
United States Constitution.

163

## V I Relief

### Relief          Request

A. Issue of declatory @ judgement stating that:

(388) 8. Count 8
Deliberate indifference excessive unnecessary use of force
III.

The physical abuse of the plaintiff by defendants
No 40 John Doe
                                        and

No 41 John Doe

in using physical force a third time against the
plaintiff after the plaintiff was declared medically
incapacitated by Defendants
No 11 Jane Doe

No 12 Earl D Scott

No 13 Susan A Hodges

violated the plaintiff's rights under the Eighth
Amendment to the United States Constitution
and constituted assault and battery under
state law of Missouri.

## VI Relief
### Relief          Request

(389.) 9. Count 9
Deliberate indifference denial of adequate medical care to serious medical need by factors unrelated to the plaintiffs medical need for the plaintiff refusing to comply with conditions unrelated to the plaintiffs medical needs.

II

( ) that Defendants No 13 Sasan A Hodges, No 16 Dr. Keith E Segall denied and delayed the plaintiff medical care by factors unrelated to the plaintiffs medical needs for refusing to comply with conditions unrelated to the plaintiffs needs by refusing to treat the plaintiffs serious medical needs of treating his injuries sustained to his left hand until the plaintiff come off of hunger strike violated the plaintiffs rights under the Eighth Amendment to the United States Constitution

pg 165 of

# VI Relief

## Relief Request

### 10. Count 10

Deliberate indifference denial of adequate medical care to the plaintiff's serious medical needs.

( 322 ) That Defendants:

No 28 Jane Doe
    J.C.C.C. Medical Director

No 39 Rachell Moore
    J.C.C.C. Health Service Administrator

No 29 Jane Doe
    J.C.C.C. Medical Director

No 30 Jane Doe
    M.D.O.C. Associate Regional Medical Director

No 31 Jerry Lovelace
    M.D.O.C Regional Medical Director

No 12 Earl D Scott
    Medical Care Provider

No 13 Susan A Hodges

No 14 Terri J Stone

No 16 Kieth E Seyall

No 26 Jane Doe
    J.C.C.C. Nurse Practitioner

No 27 Jane Doe
    J.C.C.C. Director of Nursing

No 32 Corizon LLC;

No 33 Centurion Health

166 of

## VI Relief

### Relief Request

10. Count 10

failure to provide the plaintiff with published specialty care the plaintiffs condition required violated the plaintiffs rights under the Eighth Amendment to the United States Constitution.

# VI Relief

## Relief        Request

11. Count 11
Deliberate indifference denial of adequate medical
care to the plaintiffs serious medical needs.

### IV

(        ) That Defendants:

No 28 Jane Doe
     J.C.C.C Medical Director

No 29 Rachell Moore
     J.C.C.C Health Service Administrator

No 29 Jane Doe
     J.C.C.C Medical Director

No 30 Jane Doe
     M.D.O.C Associate Regional Medical Director

No 31 Jerry Lovelace
     M.D.O.C Regional Medical Director

No 32 Corizon LLC;

No 33 Centurion Health;

failure to carry out prescribed medical treatment of
the plaintiff that was precribed by Defendants:
No 12 Earl D Scott

No 14 Terri Stone

No 15 Paul E Burris

No 16 Kieth E Segall

in the form of referrals for the plaintiff to recieve
the outside specialty care of Orthopedic hand
168        of

# VI Relief

## Relief Request

II. Count II

surgeon and diagnostic test of MRI to the plaintiffs left hand violated the plaintiffs rights under the Eighth Amendment to the United States Constitution.

# VI Relief

| Relief | Request |
|--------|---------|

12. Count 12

Deliberate indifference denial of adequate medical care to the plaintiffs serious medical needs.

( 392 ) That Defendants:

No. 28 Jane Doe
    J.C.C.C. Medical Director

No. 39 Rachell Moore,
    J.C.C.C. Health Service Administrator

No. 29 Jane Doe
    J.C.C.C. Medical Director,

No. 30 Jane Doe
    M.D.O.C. Associate Regional Medical Director

No. 31 Jerry Lovelace,
    M.D.O.C. Associate Regional Medical Director

No. 32 Corizon LLC.;
                             and

No. 33 Centurion Health;

denial of adequate medical care of the plaintiffs serious medical needs by interfering with medical judgement of referrals of specialty treatment of published standards of care of diagnostic test of M.R.I. and Orthopedic hand surgeon specialist by factors unrelated to the plaintiffs medical needs by M.D.O.C medical care providers custom and policy of denying treatment based on the cost of treatment violated the plaintiffs rights under the Eighth Amendment of the United States Constitution.

Pg. 176 of

## VI Relief

13. Count 13

Deliberate indifference denial of adequate medical care to the Plaintiffs serious medical needs.

( :393 ) That Defendants:

No. 7 Jane Doe
     J.C.C Deputy Warden

No. 8 Jane Doe
     J.C.C. Deputy Warden

No. 9 Riana Martin
     J.C.C Deputy Warden

No. 10 Doris E Falkenrath
     J.C.C. Warden

No. 36 Myles Stryed
     J.C.C Deputy Warden

No. 17 Jane Doe
     J.C.C Medical Administrator

No. 18 Beth Clad
     J.C.C Medical Administrator

No. 19 Diana Myers
     J.C.C Medical Administrator

No. 26 Jane Doe
     J.C.C Nurse Practitioner

No. 27 Jane Doe
     J.C.C. Director of Nursing

No. 28 Jane Doe
     J.C.C Health Service Administrator

No. 39 Rachell Moore
     J.C.C Health Service Administrator

No. 29 Jane Doe
     J.C.C Medical Director of

pg. 171

13. Count 13

No. 30 Jane Doe
      M.D.O.C. Associate Medical Director

No. 31 Jerry Lovelace
      M.D.O.C. Regional Medical Director

No. 32 Corizon LLC;                                and

No. 33 Centurion Health:

denial of adequate medical care to the plaintiffs serious
medical needs by factors unrelated to his medical needs
by the actions of the defendants:

No. 7 John Doe
      J.C.C.C. Deputy Warden

No. 8 John Doe
      J.C.C.C. Deputy Warden

No. 9 Riana Martin
      J.C.C.C. Deputy Warden

No. 10 Doris E Falkenrath
      J.C.C.C. Warden

No. 36 Myles Stryd
      J.C.C.C. Deputy Warden

No. 17 Jane Doe
      J.C.C.C. Medical Administrator

No. 18 Beth Clad
      J.C.C.C. Medical Administrator

No. 19 Diana Myers
      J.C.C.C. Medical Administrator

No. 26 Jane Doe
      J.C.C.C. Nurse Practitioner

pg. 172 of

# VI Relief

## Relief                    Request

13. Count 13

No. 27 Jane Doe
    J.C.C.C. Director of Nursing

No. 28 Jane Doe
    J.C.C.C. Health Service Administrator

No. 39 Rachell Moore
    J.C.C.C. Health Service Administrator

No. 29 Jane Doe
    J.C.C.C. Medical Director

No. 30 Jane Doe
    M.D.O.C. Associate Regional Medical Director

No. 31 Jerry Lovelace
    M.D.O.C. Regional Medical Director

No. 32 Corizon L.L.C.,
                           and

No. 33 Centurion Health

failure to correct known systemic deficiencies in the
M.D.O.C. medical care system of staffing, facilities and
procedures which made the unnecessary suffering
of the plaintiff inevitable violated the plaintiffs
rights under the Eighth Amendment to the
United States Constitution

173 of

# VI Relief

## Relief Request

### 14. Count 14

Deliberate indifference denial of adequate medical care to the Plaintiff's serious medical needs.

( 394 ) That Defendants:

No. 17 Jane Doe
J.C.C.C. Medical Administrator

No. 18 Beth Clad
J.C.C.C. Medical Administrator.

No. 19 Diana Myers
J.C.C.C. Medical Administrator

No. 20 Jane Doe
Medical Care Provider

No. 23 Terry Wells

and

No. 24 Ginger Wright

while in the position and responsibility duty of scheduling offenders for out count specialty medical care failed to ensure the scheduling of the plaintiff in a timely manner to see an occupational therapist for the plaintiff's diagnosed and prescribed treatment of "trigger finger" to his left hand for over six months, the occupational therapy was approved on 12/20/21 and the plaintiff didn't get sent out to see the occupational therapy specialist until 6/22/22, then on 12/20/22 the plaintiff was approved for occupational therapy again and didn't receive this approved specialty of care until the plaintiff was seen by Defendant No. 45

Relief          Request

14. Count 14

on 5/20/23 put the plaintiff in for another referral after Occupational therapy and the plaintiff didn't recieve such Occupational therapy

creating a pattern of practice causing the plaintiff to be denied access to personnel qualified to exerci exercise judgement about a particular medical problem of specialized expertise by combination in totality of the systemic deficiencies and failure to remedy these known deficiencies violated the plaintiffs rights under the Eighth Amendment to the United States Constitution.

## VI Relief

### Relief Request

15. Count 15

Deliberate indifference denial of adequate medical care to the plaintiffs serious medical needs

( ) That Defendants:

No 36 Myles Stryd
   J.C.C.C. Deputy Warden

No 7 John Doe
   J.C.C.C. Deputy Warden

No 8 John Doe
   J.C.C.C. Deputy Warden

No 9 Riaha Martin
   J.C.C.C. Deputy Warden

No 10 Doris E Falkenrath
   J.C.C.C. Warden

No 17 Jane Doe Medical Administrator
   J.C.C.C. Medical Administrator

No 18 Beth Clad
   J.C.C.C Medical Administrator

No 19 Draha Myers
   J.C.C.C. Medical Administrator

No 26 Jane Doe
   J.C.C.C. Nurse Practioner

No 27 Jane Doe
   J.C.C.C. Director of Nursing

No 28 Jane Doe
   J.C.C.C Health Services Administrator

No 29 Jane Doe
   J.C.C.C Medical Director

No 30 Jane Doe
   M.DOC Associate Regional Medical Director
      of

176

# VI Relief

## Relief Request

15. Count 15

No 31 Jerry Lovelace
        MDOC Associate Regional Medical Director

No 32 Corizon LLC,

                                                                    and

No 33 Centurion Health

denial of the plaintiffs serious medical needs by factors
unrelated to the plaintiff's serious medical needs by the
actions of the systemic deficiencies in the M.D.O.C
medical care system of staffing, facilities and
procedures which made the unnecessary suffering
of the plaintiff inevitable from a medical care
system inadequate to identify the plaintiffs medical
needs, make sure that the plaintiffs diagnoses was
treated by qualified medical care providers deprived the
plaintiff of the minimal civilized measures of life's
necessities of adequate access to medical care system to
meet the minimal standards of published care in totality
of circumstances when added together have mutually
enforcing effect that has produced the deprivation
of the plaintiffs single identifiable human need
of access to adequate medical care becoming in
combination violated the plaintiffs rights under the
Eighth Amendment to the United States
Constitution.

16. Count 16

Deliberate indifference denial of adequate medical care to the Plaintiffs serious medical needs.

( 396 ) That Defendants:

No. 36 Myles Stryd
           J.C.C.C. Deputy Warden

No. 7 John Doe
           J.C.C.C. Deputy Warden

No. 8 John Doe
           J.C.C.C. Deputy Warden

No. 9 Riaha Martin
           J.C.C.C. Deputy Warden

No. 10 Doris E Falken rath
           J.C.C.C. Warden

No. 17 Jane Doe
           J.C.C.C. Medical Administrator

No. 18 Beth Clad
           J.C.C.C. Medical Administrator

No. 19 Diaha Myers
           J.C.C.C. Medical Administrator

No. 28 Jane Doe
           J.C.C.C Health Service Administrator

No. 32 Corizon LLC,
                                              and

No. 33 Centurion Health,

failure to provide M.D.O.C guards with the least minimal training in recognizing and dealing with medical emergencies denied the plaintiff with adequate medical care of defendants

178   of

# VI Relief

## Relief Request

16. Count 16

No. 2 John Doe

No. 3 John Doe

No. 4 John Doe

No. 5 John Doe

and

No. 6 Last Name Ike

No. 1 John Doe

not having the minimal training in recognizing and dealing with medical emergencies denied and delayed medical care of the plaintiff for over 3 hours violated the plaintiffs rights under the Eighth Amendment to the United States Constitution

179 of

# VI Relief

## Relief Request

### 17. Count 17

Deliberate indifference to the plaintiffs access to adequate law library time.

( : )That Defendants:

No 36 Myles Stryd
    J.C.C. Deputy Warden

No 7 John Doe
    J.C.C. Deputy Warden

No 8 John Doe
    J.C.C. Deputy Warden

No 9 Riana Martin
    J.C.C. Deputy Warden

No 10 Dorrs E Falkenrath
    J.C.C. Warden

No 21 Remelle Blackman
    J.C.C.C FUM

No 22 Last name Tennyson
    J.C.C. Case worker

No 34 Last name Dittman
    JCCC FUM

No 35 Last name Todd     and
    J.C.C.C FUM

failure to provide the plaintiff with adequate access to the law library to enable him to research law and determine what factors are necessary to state a cause of action in a 1983 civil law suit by the defendants combined systemic deficiencies in staffing, facilities, training, procedures and failure to remedy the herein stated deficiencies caused the totality of circumstances when added

188 of

# V I Relief

| Relief | Request |
|--------|---------|

17. Count 17

together having mutually enforcing effect that has produced the deprivation of the plaintiffs single indentifiable right to have adequate access to the law library causing the plaintiff the injury of unnecessary and wanton pain and suffering of physical, emotional and mental in not being able to recieve adequate medical care of serious medical needs by factors unrelated to the plaintiffs medical needs by the plaintiffs unnecessary denial in being afforded to have sufficent access to law library time to research to file a injunction for the plaintiff to recieve adequate medical care violated the plaintiffs rights under the First, Eighth and Fourteenth Amendment to the United States Constitution

# VI Relief
## Relief          Request

18. Count 18

Deliberate indifference to the plaintiffs rights to the minimal civilized measure of life's necessities to a sanitary, safe, healthful environment.

( 398 ) That Defendants:
No. 21 Remelle Blackmon
        J.C.C.C. FUM                              and
No. 22 Last name Tennyson
        J.C.C.C. Case worker

failure to provide the plaintiff with a sanitary, safe, healthful environment to the minimal civilized measures of life's necessities by forcing the plaintiff to live in a cell with an offender cell mate with medical condition of incontinence, not providing the plaintiffs cell mate with any diaper for his incontinence, forcing the plaintiffs cell mate to soil his clothes, and cell bedding, leaving fecal matter all over the floor, sink, toilet and walls of the cell, the defendants refused to provide the plaintiff with any cleaning supplies to clean up the fecal matter all over the cell, forcing the plaintiff to push his cell mate in a wheel chair to chow against the plaintiffs medical disability, medical no work lay ins and 5 lbs weight lifting restriction, forcing the plaintiff to clean up and care for his disabled cell mate, for (    ) days violated the plaintiffs rights under the Eighth Amendment to the United States Constitution

182  of

19. Count 19

Deliberate indifference to the plaintiffs rights to the minimal civilized measures of life's necessities to a sanitary, safe, healthful environment and personal hygine, appropriate clothing, bedding and mattress.

( 399 ) That Defendants
No. 6 Last Name Ike
    J.C.C.C. Sgt
No. 42 Last Name Tallent
    J.C.C.C. 7 house Sgt                              and
No. 43 Jane Doe J.C.C.C. 7 house Case Worker
No. 44 Last Name Williams J.C.C.C. 7 house Sgt
failed to provide the plaintiff with a sanitary, safe, healthful enviroment, personal hygine appropriate clothing, and bedding a pillow or a mattress to the minimal civilized measures of lifes necessities by forcing the plaintiff to go without the basic adseg property of hygine products, washrag, towels, sheets, blanket, clothes, pillow or a mattress, while in adseg forcing the plaintiff to go on hunger strike 2 times a total of (  ) days while in adseg just to get a few of the basic personal adseg property as outlined within M.D.O.C. policy

creating the totality of circumstances when added together have mutually enforcing effect that has produced the deprivation of the plaintiffs single identifiable human need of access to minimal civilized measure of life's necessities for (  1) days violated the plaintiffs rights under

183        of

## VI Relief

### Relief Request

19 Count 19

the Eighth Amendment to the United
States Constitution.

Joseph A. Becker                    Plaintiff

                    V

John Doe et. al;                  Defendant


            VI  Relief
      Relief                Request
    B.    Injunction

## VI Relief

| Relief | Request |
| --- | --- |

(400) B. Issue an injunction ordering defendant No 33 Centurion Health or their agents to:

1. Immediately arrange for the plaintiff to recieve diagnostic test to evalute and diaghose the complete extent of injuries to his left hand and lower arm in the form of an M.R.I.

2. Immediately arrange for the plaintiff to be examined by an orthopedics surgeon to assess, diaghose and prescribe the full extent of injuries sustained to his left hand and lower arm.

3. Carry out without delay the treatment by such medical practitioners

(401) C. Issue an injunction ordering defendant No 10 Doris E Falkenrath J.C.C.C. Warden to:

1. Afford the plaintiff to have access to the prison law library five days a week, three times a day moring, afternoon, evening every time the library is open except when protective custody offenders are having access.

# VI Relief
## Relief Request

D. award compensatory damages in the following amounts:

## 1. Count 1
Deliberate indifference denial of adequate medical care

### I.

$300,000.00
jointly and severally against defendants:
No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

and

No 6 LastName Ike

for the injuries of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future earnings from disability of 57% percent paralyses of the plaintiffs left index finger the plaintiff sustained as a result from their failure to provide the plaintiff with adequate medical care

## VI Relief

(403)

D award compensatory damages in the following amounts:

2.                    Count 2

Deliberate indifference excessive unnecessary use of force:

## I.

$300,000.00
jointly and severally against defendants:
No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe                                    and

for the injuries of physical, emotional, and psychological and
mental anguish, loss of quality of life, permanent
disfigurement, disability, loss of future earnings from
disability of 57% percent paralyses of the plaintiffs
left index finger the plaintiff sustained as a
result of the beating and the lacerations,
contusions and abrasions to the plaintiffs
right and left foot, right and left shins, left
and right wrist and ankles and chest.

187    of

## VI Relief

### Relief                    Request

(404)

D. award compensatory damages in the following amounts:

3.                          Count 3

Deliberate indifference excessive unnecessary use of force:

## II.

$300,000.00
jointly and severally against defendants:
No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe                          and

a second time after the plaintiff was declared medically incapacitated by defendant No.11

for the injuries of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future earnings from the plaintiff's left index finger the plaintiff sustained as a result of the second beating and lacerations, contusions and abrasions to his right and left ankles and wrist from being dragged by the ankle and hand cuffs and the plaintiffs left middle and index finger.

78    of

# V I Relief

## Relief | Request

(405)

D. award compensatory damages in the following amounts:

4.                                    Count 4.
Deliberate indifference liability for force: bystanders:

$300,000.00
Jointly and severally against defendants:
No1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

                                                    and

No 6 Last Name Ike

in failing to intervene during count 2 first assault of the
plaintiff while he was being physically assaulted, the defendants
had a realistic opportunity to prevent and stop the beating of
the plaintiff causing the plaintiff the injuries of physical,
emotional, psychological, and mental anguish, loss of quality of
life, permanent disfigurement, disability, loss of future
earnings from disability of 57% percent paralyses of the
plaintiff's left index finger, lacerations, contusions and
abrasions to the plaintiff's right and left foot, shins, ankles
wrist and chest as a result of the first beating in
count 2

189       of

## V ( Relief

### Relief          Request

(406)

D. award compensatory damages in the following amounts:

5.                    Count 5

Deliberate indifference liability for force; bystanders:

$300,000.00
Jointly and severally against defendants:
No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 Last Name Ike

No.11 Jane Doe                              and

in failing to intervene during count 3 second assault of the plaintiff after the plaintiff was declared medically incapacitated by defendant No.11

the defendants had a realistic opportunity to prevent and stop the beating of the plaintiff causing the plaintiff the injuries of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future earnings from
of

199

## VI Relief

### Relief    Request

**5.**    Count 5

disability of 57% percent paralyses of the plaintiffs left index finger, lacerations, contusions and abrasions to the plaintiffs right and left feet ankles and wrist sustained as a result of being dragged by the ankle and hand cuffs and the plaintiffs left and middle and index finger as a result of the second assault in count 3

# VI Relief

## Relief     Request

(407)

① award compensatory damages in the following amounts:

6.                    Count 6

Deliberate indifference liability for force: supervisor

$300,000.00
Jointly and severally against defendants:
No. 7 John Doe
        J.C.C.C Deputy Warden
No. 8 John Doe
        J.C.C.C. Deputy Warden
No. 9 Raina Martin
        J.C.C.C. Deputy  Warden
No. 10 Doris E. Falkenrath
        J.C.C.C Warden.                          and
No. 36 Myles Stryd
        J.C.C.C. Deputy Warden
failure to take action against officers with records of misuse
of force, inadequate training, inadequate investigation to take
disciplinary or other actions to curb the known pattern of
physical abuse of inmate by defendants:
No. 1 John Doe

    No. 2 John Doe

    No. 3 John Doe

    No. 4 John Doe

192    of

# VI Relief

## Relief          Request
## Count 6

6.

No 5 John Doe

No 40 John Doe

and

No 41 John Doe

directly leading to the plaintiff being assaulted on 3 different times in counts 2,3,8 causing the plaintiff the injuries of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future earnings from disability of 57% percent paralyses of the plaintiff left index finger, lacerations, contusions and abrasions to the plaintiffs right and left foot, shins, ankles wrist and chest as a result of the physical assaults and beatings all in one day in counts 2, 3 and 8

## VI Relief

### Relief Request

D. award compensatory damages in the following amounts:

7.
### Count 7
Deliberate indifference liability for force : bystanders

$ 300,000.00
Jointly and severally against defendants:
No1 John Doe

No2 John Doe

No3 John Doe

No4 John Doe

No5 John Doe

No6 Last Name Ike

No11 Jane Doe

No12 Earl D Scott

No13 Susan A Hodges                        and

In failing to intervene while the plaintiff was being physically assaulted a third time during count 8 after defendants
No11 Jane Doe

194 of

## VI Relief
### Relief Request
#### Count 7

No.12 Earl D Scott

and

No.13 Susan A Hodges

had declared the plaintiff medically incapacitated
was physically assaulted by defendants:
No.40 John Doe

and

No.41 John Doe

while defendants had a realistic opportunity to prevent
and stop the beating causing the plaintiff the injuries
of physical, emotional, psychological and mental anguish,
loss of quality of life, permanent disfigurement,
disability, loss of future earnings from disability of
57% percent paralyses of the plaintiffs left index
finger the plaintiff sustained as a result of the
beating in count 8 the third assault

D. award compensatory damages in the following amounts:

8.                    Count 8

Deliberate indifference excessive unnecessary use of force:

## III.

$300,000.00
Jointly and severally against defendants:
No 40 John Doe

and

No 41 John Doe

in using physical force a third time against plaintiff after the plaintiff was declared medically incapacitated by defendants Noll

No 12 Earl D Scott

and

No 13 Susan A Hodges

for injuries of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future earnings from disability of 57% percent paralyses of the plaintiffs left index finger the plaintiff sustained as a result of the physical assault.

196    of

Relief                    Request

(410)

D. award compensatory damages in the following amounts:

9.                              Count 9

Deliberate indifference denial of adequate medical care to serious medical needs by factors unrelated to the plaintiffs medical needs for the plaintiff refusing to comply with conditions unrelated to the plaintiffs medical needs

I.

$ 300,000.00
Jointly and severally against defendants:
No. 13 Susan Hodges
No. 16 Keith E. Segall
denied and delayed the plaintiffs medical care by factors unrelated to the plaintiffs medical needs for refusing to comply with conditions unrelated to the plaintiffs medical needs to treat the plaintiffs serious medical needs of treating his injuries sustained to his left index finger until the plaintiff come off of hunger strike caused the plaintiff the injuries of physical emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement disability, loss of future earnings from disability of 57% percent paralyses of the plaintiffs left index finger sustained as a result from their failure to provide adequate medical care to the plaintiff.

Pg 197 of

VI Relief

Relief          Request

(411)

D. award compensatory damages in the following amount:

10.                           Count 10

Deliberate indifference denial of adequate medical care to the plaintiffs
serious medical needs.              III.

$300,000.00
Jointly and severally against defendants:
No 28 Jane Doe
       J.C.C.C. Health Service Administrator,
No 39 Ruchell Moore
       J.C.C.C. Health Service Administrator,
No 29 Jane Doe
       J.C.C.C. Medical Director,
No 30 Jane Doe
       M.D.O.C. Associate Regional Medical Director
No 31 Jerry Lovelace
       M.D.O.C. Regional Medical Director
No 12 Earl D Scott

No 13 Susan A Hodges

No 14 Terri J Stone

No 15 Paul E Buttris

No 16 Kreth E Segall

No 26 Jane Doe
       J.C.C.C. Nurse Practitioner
                    198  of

# VI Relief

## Relief Request

## Count 10

10.

No. 27 Jane Doe
J.C.C.C Director of Nursing
No. 32 Corizon LLC,

No. 33 Centurion Health.                                    and

failure to provide the plaintiff with published specialty
care the plaintiffs condition required caused the injuries
of physical, emotional, psychological and mental anguish,
loss of quality of life, permanent disfigurement,
disability, loss of future earnings from disability
of 57% percent paralyses of the plaintiffs left index
finger sustained as a result from their failure
to provide adequate medical care to the plaintiff

# VI Relief

## Relief Request

### (412)

D. award compensatory damages in the following amount:
II.                    Count II
Deliberate indifference denial of adequate medical care to the plaintiffs serious medical needs
                              IV.

$300,000.00
Jointly and severally against defendants:

No. 28 Jahe Doe
    J.C.C.C. Health Service Administrator

No. 39 Rachell Moore
    J.C.C.C. Health Service Administrator

No. 29 Jahe Doe
    J.C.C.C. Medical Director

No. 30 Jahe Doe
    M.D.O.C Associate Regional Medical Director

No. 31 Jerry Lovelace
    M.D.O.C Regional Medical Director        and

No. 32 Corizon LLC,

No. 33 Centurion Health

failure to carry out prescribed medical treatment of the plaintiff by defendants:

No. 12 Earl D Scott

No. 14 Terri J Stone

No. 15 Paul E Burris

No. 16 Keith E Segall

No. 17 Jahe Doe      JCCC Medical Administrator  and
                    200    of

## VI Relief

### Relief Request

### 11. Count 11

referrals for the plaintiff to recieve the outside specialty care of orthopedic hand surgeon and diagnostic test of MRI to the plaintiffs left hand the denial of these referrals by the defendants caused the plaintiff the injuries of physical, emotional, psychological, and mental anguish, loss of quality of life, permanent disfigurement disability, loss of future earnings from disability of 57% percent paralyses of the plaintiffs left index finger sustained as a result from their failure to provide adequate medical care to the plaintiff

D. award compensatory damages in the following amount:

12.                    Count 12

Deliberate indifference denial of adequate medical care to the plaintiff's serious medical needs.

V

$300,000.00

Jointly and severally against defendants:

No.28 Jane Doe
      J.C.C.C Health Service Administrator

No.39 Rachell Moore
      J.C.C.C Health Service Administrator

No.29 Jane Doe
      J.C.C.C Medical Director

No.30 Jane Doe
      M.DOC Associate Regional Medical Director

No.31 Jerry Lovelace
      M.D.O.C Regional Medical Director      and

No.32 Corizon LLC;

No.33 Centurion Health

denial of adequate medical care of the plaintiff's serious medical needs by interfering with medical judgements of referrals of specialty treatment of published standards of care of diagnostic test of M.R.I and orthopedic hand surgeon specialist by factors unrelated to the plaintiff's medical needs by M.D.O.C medical care providers custom and policy of denying the plaintiff treatment based on the cost of the treatment referred by its own medical care givers caused the plaintiff the injury of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future

## VI Relief

### Relief Request

12. Count 12

future earnings from disability of 57% paralysas of the plaintiffs left index finger sustained as a result from their failure to provide adequate medical care the the plaintiff.

D. award compensatory damages in the following amounts:

13.                    Count 13

Deliberate indifference denial of adequate medical care to the plaintiffs serious medical needs.

VI.

$300,000.00

Jointly and severally against defendants:

No.7 John Doe
        JCCC    Deputy Warden

No.8 John Doe
        JCCC Deputy Warden

No.9 Riaha Martin
        JCCC Deputy Warden

No.36 Myles Stryd  JCCC Deputy Warden

No.10 Doris E Falkenrath J.C.C.C. Warden

No.17 Jane Doe
        J.C.C.C. Medical Administrator

No.18 Beth Clad
        J.C.C.C. Medical Administrator

No.19 Diaha Myers
        J.C.C.C. Media Administrator

No.26 Jane Doe
        J.C.C.C  Nurse Practitioner

No.27 Jane Doe
        J.C.C.C Director of Nursing

No.28 Jane Doe
        J.C.C.C. Health Services Administrator

No.39 Rachelle Moore
        J.C.C.C. Health Services Administrator

No.29 Jane Doe            J.C.C.C. Medical Director

204  of

# VI Relief

## Relief Request

13.

No 30 Jane Doe
M.D.O.C Associate Regional Medical Director

No 31 Jerry Lovelacce
M.D.O.C Regional Medical Director

No 32 Corizon LLC;

and

No 33 Centurion Health

denial of adequate medical care to the plaintiffs serious medical needs by factors unrelated to his medical needs by the actions of the defendants M.D.O.C Administrators and M.D.O.C medical care Administrators failure to correct known systemic deficiencies in the M.D.O.L medical care system which made the cause of the plaintiffs injuries of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future earnings from disability of 57% percent paralyses of the plaintiffs left index finger sustained as a result from their failure to provide adequate medical care to the plaintiff.

## V I Relief

| Relief | Request |
|---|---|

D award compensatory damages in the following amounts.

14.

**Count 14**

Deliberate indifference denial of adequate medical care to the plaintiffs serious medical needs.

## VII.

$300,000.00

Jointly and severally against defendants:

No.17 Jane Doe
J.C.C.C Medical Administrator

No.18 Beth Clad
J.C.C.C Medical Administrator

No.19 Diana Myers
J.C.C.C Medical Administrator

No.20 Jane Doe
Medical care provider to..

No.23 Terry Wells

No.24 Ginger Wright

and

while in the position and responsibility and duty of scheduling offenders for out count specialty medical care failed to ensure the scheduling of the plaintiff in a timely manner to see specialized out side medical care causing the plaintiff the injury of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future earnings from disability of 57% percent paralyses of the plaintiffs left index finger sustained as results from thier failure to

206 of

## VI Relief
### Relief Request
### 14    Count 14

provide adequate medical care to the plaintiff.

(416)

D. award compensatory damages in the following amounts:
15.                    Count 15

Deliberate idifference denial of adequate medical care to the
plaintiff's serious medical needs.
                              VIII
~~$300,000.00~~

$300,000.00
Jointly and severally against defendants:
No.36 Myles Sthd
        JCCC        Deputy Warden
No.7 John Doe
        JCCC Deputy Warden
No.8 John Doe
        JCCC Deputy Warden
No.9 Rsaha Martin
        JCCC Deputy Warden
No.10 Doris E Falkentath
        J.C.C.C Warden
No.17 Jane Doe
        J.C.C.C Medical Administrator
No.18 Beth Clad
        J.C.C.C Medical Administrator
No.19 Diana Myers
        J.C.C Medical Administrator
No.26 Jane Doe
        JC.C.C Nurse Practitioner
No.27 Jane Doe
        J.C.C.C Director of Nursing
No.28 Jane Doe
        J.C.C.C Health Service Administrator
No.29 Jane Doe            J.C.C.C Medical Director

208 of

## VI Relief

No. 30 Jane Doe
   M.D.O.C Associate Regional Medical Director
No. 31 Jerry Lovelace
   M.D.O.C Regional Medical Director
No. 32 Corizon LLC,
                                                and
No. 33  Centurion Health

denial of the plaintiffs serious medical needs by factors
unrelated to the plaintiffs medical needs by the actions
of the systemic deficiencies in the M.D.O.C medical
care system of staffing, facilities and procedures
which made the unnecessary suffering of the
plaintiff inevitable from a medical care system
inadequate to idenify the plaintiffs medical needs,
make sure that the plaintiff's diagnoses was treated by
qualified medical care providers deprived the plaintiff
of the minimal civilized measure of life's necessities
of a adequate access to medical care system in totality
of circumstances when added together have mutually
enforcing effects that has produced the deprivation of
the single identifiable human needs of access to
adequate medical care becoming in combination caused
the plaintiff the injuries of physical, emotional, psychological
and mental anguish, loss of quality of life permanent
disfigurement, disability, loss of future earnings from
disability of 57% percent paralyses of the plaintiffs
left index finger sustained as a result from their failure
to provide adequate medical care to the plaintiff.

## VI Relief

### Relief        Request

(417)

D award compensatory damages in the following amounts:
16.                    Count 16
Deliberate indifference denial of adequate medical care to the plaintiffs serious medical needs

IX.

$300,000.00
Jointly and severally against defendants:

No.36 Myles Stryd
           J.C.C.C. Deputy Warden
No.7 John Doe
           J.C.C.C Deputy Warden
No.8 John Doe
           J.C.C.C Deputy Warden
No.9 Riana Martin
           J.C.C.C Deputy Warden
No.10 Doris E Falkenrath
           J.C.C.C Warden
No.17 Jane Doe
           J.C.C.C Medical Administrator
No.18 Beth Clad
           J.C.C.C Medical Administrator
No.19 Diana Myers
           J.C.C.C Medical Administrator
No.28 Jane Doe
           J.C.C.C Health Service Administrator
No.32 Corizon LLC,

                                        and

No.33 ~~Centurion~~ Health,
           Centurion

210        of



failure to provide M.D.O.C guards with the least minimal training in recognized and dealing with medical emergencies denied the plaintiff with adequate medical care by guards on 8/3/21 caused the plaintiff the injuries of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability, loss of future earnings from disability of 57% percent paralyses of the plaintiffs left index finger, lacerations contusions and abrasions to the plaintiffs left and right foot, shins, ankles, wrist and chest sustained as a result from thier failure to provide adequate medical care of the plaintiff.

VI Relief

Relief                    Request

(418)

D award compensatory damages in the following amount:
17.                          Count 17
Deliberate indifference to the plaintiffs access to adequate law
library time

$300,000.00
Jointly and severally against defendants:
No.36 Myles Stryd
        JCCC Deputy Warden
No.7 John Doe
        JCCC Deputy   Warden
No.8 John Doe
        JCCC Deputy Warden
No.9 Riana Martin
        J.C.C.C Deputy Warden
No.10 Doris E Falkenrath
        J.C.C.C Warden
No.21 Romelle Blackmon
        J.C.C.C FUM
No.22 Last Name Tennyson
        J.C.C.C Case Worker
No.34 Last Name  Dittman
        JCCC FUM                              and
No.35 Last Name Todd
        J.C.C.C FUM
failure to provide the plaintiff with adequate access to the
law library to enable him to research law and determine what
factors are necessary to state a cause of action in a 1983
civil law suit by the defendants combined systemic
deficiencies in staffing, facility, procedures and failure

212    of

to remedy the herein stated deficiencies caused the totality of circumstances when added together having mutually enforcing effect that has produced the deprivation of the single identifiable right of the plaintiff to have adequate access to the law library causing the plaintiff the injury of unnecessary and wanton pain and suffering caused by the plaintiff not being able to recieve adequate medical care to serious medical needs by factors unrelated to the plaintiffs medical needs by the plaintiff being denied adequate law library time to research to file an injunction for the plaintiff to recieve adequate medical care caused the plaintiff the injuries of physical, emotional, psychological and mental anguish, loss of quality of life, permanent disfigurement, disability loss of future earnings from disability of 57% percent patalyses of the plaintiffs left index finger sustained as a result from not getting adequate law library time to file a 1983 civil action to get an injunction to recieve adequate medical care.

## VI Relief

(419)

□ award compensatory damages in the following amount:

18.                           Count 18

Deliberate indifference to the plaintiffs rights to the minimal civilized measure of lifes necessities to a sanitary, hygenic, safe, healthful environment

$300,000.00

Jointly and severally against Defendants:

No. 21 Romelle Blackman
      J.C.C.C FUM                                    and

No. 22 LastName Tennyson
      J.C.C.C. Case Worker

failure to provide the plaintiff with a sanitary, hygenic, safe, healthful environment to the minimal civilized measures of life's necessities by forcing the plaintiff to live in a cell with an offender cell mate with medical condition of incontinence, not providing the plaintiffs cell mate with any diapers for his incontinence forcing the plaintiffs cell mate to soil his clothing, bedding, leaving fecal matter all over the floor, sink, toilet, and walls of the cell, the defendants refused to provide the plaintiff with any cleaning supplies to clean up the fecal matter all over the cell, forcing the plaintiff to push his cell mate in a wheel chair, to chow against the plaintiffs medical disability no work lay ins and no 5 lb weight lifting restrictions or be put back in ad-seg, forcing the plaintiff to clean up for his disabled cell mate for 23 days

# VI Relief
## Relief        Request

(420)

D. award compensatory damages in the following amount:

19                    Count 19

Deliberate indifference to the plaintiffs rights to the minimal civilized measure of lifes necessities to a sanitary, hygenic, safe, healthful environment and personal hygine and appropriate clothing, bedding and mattress

$300,000.00

Jointly and severally against defendants:

No6 Last Name Ike
        J.C.C.C. Sgt

No42 Last name Tallent
        JCCC      7house Sgt

No43 Jane Doe
        J.C.C.C. 7house case worker

No44 Last Name Williams                    and
        J.C.C.C. 7house Sgt

failure to provide the plaintiff with a sanitary, hygenic, safe, healthful environment, personal hygine and appropriate clothing, bedding, pillow or mattress to the minimal civilized measure of lifes necessities by forcing the plaintiff to go without the basic ad-seg property of hygiene products, washrag, towels, sheets, blankets, clothes, pillow or a mattress while in ad seg forcing the plaintiff to go on hunger strike two times while in ad-seg just to get some of the basic personal ad-seg property as outlined within M.D.O.C. policy

the totality of circumstances when added together have the mutually enforcing effect that has produced the deprivation of the plaintiffs single identifiable human need of access to the minimal civilized measures of lifes necessities

215  of



V1 Relief

Relief Request

19          Count 19

for ( 21 ) days total

# VI Relief
## Relief Request

(421)

E. award punitive damages in the following amounts:

1.                                    Count 1

$450,000.00
each against defendants:
No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 Last Name Ike

(422) 2.                               Count 2

$450,000.00
each against defendants:
No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

# VI Relief

## Relief Request

E award punitive damages in the following amount:

(423)3                    Count 3

$450,000.00
each against defendants:
No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

(424)4                    Count 4

$450,000.00
each against defendants
No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5  John Doe

No 6 Last Name Ike

218    of

E. award punitive damages in the following amounts:

(425)5                        Count 5

$450,000.00
each against defendants
No 1 John Doe

No 2 John Doe

No 3 John Doe

No 4 John Doe

No 5 John Doe

No 6 Last Name Ike

No 11 Jane Doe

## V | Relief

### Relief Request

E award punitive damages in the following amount:

6 (426)            Count 6

$ 450,000.00
each against defendants
No.7 John Doe
    J.C.C.C Deputy Warden
No.8 John Doe
    J.C.C.C Deputy Warden
No.9 Riana Martin
    J.C.C.C Deputy Warden
No.10 Doris E Falkenrath
    J.C.C.C Warden
No.36 Myles Stryd
    J.C.C.C Deputy Warden

7 (427)          Count 7

$ 450,000.00
each against defendants:
No.1 John Doe

No.2 John Doe

No.3 John Doe

No.4 John Doe

No.5 John Doe

No.6 Last Name Ike

220 of

## V I Relief

E. award punitive damages in the following amounts:

7                              Count 7

  No 11 Jane Doe

  No 12 Earl D Scott

  No 13 Susan A Hodges

8.(428)                        Count 8

  $ 450,000.00
  each against defendants:
  No 40 John Doe

  No 41 John Doe

9 (429)                        Count 9

  $ 450,000.00
  each against defendants:
  No 13 Susan A Hodges

  No 16 Kieth E Segall

221    of

# VI Relief
## Relief Request

E. award punitive damages in the following amounts

(430) 10.                                    Count 10

$ 450,000.00
each against defendants:
No. 28 Jane Doe
    JCCC Health / Service Administrator
No. 39 Rachell Moore
    J.C.C.C. Health Service Administrator.
No. 29 Jane Doe
    JCCC Medical Director
No. 30 Jane Doe
    MDOC Associate Reginal Medical Director
No. 31 Jerry Lovelace
    MDOC Reginal Medical Director
No. 12 Earl D Scott

No. 13 Susan A Hodges

No. 14 Terri J Stone

No. 15 Paul E Burris

No. 16 Kieth E Segall

No. 26 Jane Doe
    J.C.C.C. Nurse Practitioner
No. 27 Jane Doe J.C.C.C. Director of Nursing
No. 32 Corizon LLC. ;
No. 33 Centurion Health
                222    of

## VI Relief

### Relief Request

E. award punitive damages in the following amounts:

(431)11

## Count II

$450,000.00
each against defendants?

No. 28 Jane Doe
  J.C.C.C Health Service Administrator

No. 39 Rachell Moore
  J.C.C.C. Health Service Administrator

No. 29 Jane Doe
  J.C.C.C Medical Director

No. 30 Jane Doe
  M.D.O.C Associate Regional Medical Director

No. 31 Jerry Lovelace
  MDOC Regional Medical Director

No. 32 Corizon LLC,

No. 33 Centurion Health

## V I Relief

Relief          Request

E award punitive damages in the following amounts:

(432)12                    Count 12

$450,000.00
each against defendants:
No.39 Rachell Moore
     JCCC Health Service Administrator
No.28 Jane Doe
     JCCC Health Service Administrator
No.29 Jane Doe
     JCCC Medical Director
No.30 Jane Doe
     MDOC Associate Regional Medical Director
No.31 Jerry Lovelace
     MDOC Regional Medical Director
No.32 Corizon LLC.;

No.33 Centurion Health

# V I Relief

## Relief          Request

E award punitive damages in the following amounts:

(433) 13                           Count 13

$450,000.00
each against defendants:
No.7 John Doe
     J.C.C.C. Deputy Warden
No.8 John Doe
     J.C.C.C. Deputy Warden
No.9 Raina Martin
     J.C.C.C. Deputy Warden
No.10 Doris E Falkenrath
     J.C.C.C. Warden
No.36 Myles Stryd
     J.C.C.C. Deputy Warden
No.17 Jane Doe
     J.C.C.C. Medical Administrator
No.18 Beth Clad
     JCCC Medical Administrator
No.19 Draha Myers
     J.C.C.C. Medical Administrator
No.26 Jane Doe J.C.C.C. Nurse Practitioner
No.39 Rachell Moore J.C.C.C Health Service Administrator
No.27 Jane Doe J.C.C.C Director of Nursing
No.28 Jane Doe JCCC Health Service Administrator
No.29 Jane Doe J.C.C.C Medical Director
No.30 Jane Doe M.D.O.C Associate Regional Medical Director
No.31 Jerry Lovelace MDOC Regional Medical Director
No.32 Corizon LLC.
No.33 Centurion Health

225 of

E. punitive award punitive damages in the following amounts:
Count 14

(434) 14

$ 450,000.00
each against defendants:
No 17 Jane Doe
J.C.C.C Medical Administrator
No 18 Beth Clad
J.C.C.C Medical Administrator
No 19 Drana Myers
J.C.C.C Medical Administrator
No 20 Jane Doe
Medical Care Provider
No 23 Terry Wells
Medical Care Giver
No 24 Ginger Wright

# VI Relief

## Relief Request

Eaward punitive damages in the following amounts:

### Count 15

$450000.00
each against defendants:

No.36 Myles Stryd
    J.C.C.C Deputy Warden

No.7 John Doe
    J.C.C.C Deputy Warden

No.8 John Doe
    J.C.C.C Deputy Warden

No.9 Riaha Martin
    J.C.C.C Deputy Warden

No.10 Doris E Falkenrath
    J.C.C.C Warden

No.17 Jane Doe
    J.C.C.C Medical Administrator

No.18 Beth Clad
    J.C.C.C Medical Administrator

No.19 Draha Myers
    J.C.C.C Medical Administrator

No.26 Jane Doe
    J.C.C.C ~~Director of Nursing~~ Nurse Practitioner

No.27 Jane Doe
    J.C.C.C Director of Nursing

No.28 Jane Doe J.C.C.C Health Service Administrator

No.33 Centurion Health

No.29 Jane Doe J.C.C.C Medical Director

No.39 Rachelle Mote JCCC Health Service Administrator

No.30 Jane Doe M.DOC Associate Regional Medical Director

No.31 Jerry Lovelace M.DOC Regional Medical Director

No.32 Corizon LLC;

pg 227 of

# VI Relief

## Relief                    Request

E. award punitive damages in the following amounts:

(436) 16                    Count 16

$450,000.00
each against defendants:

No.36 Myles Stryd
   J.C.C.C Deputy Warden
No.7 John Doe
   J.C.C.C Deputy Warden
No.8 John Doe
   J.C.C.C Deputy Warden
No.9 Riana Martin
   J.C.C.C Deputy Warden
No.10 Doris E Falkenrath
   J.C.C.C Warden
No.17 Jane Doe
   J.C.C.C Medical Administrator
No.18 Beth Clad
   J.C.C.C Medical Administrator
No.19 Draha Myers
   J.C.C.C Medical Administrator
No.28 Jane Doe
   J.C.C.C Health Service Administrator
No.32 Corizon Health

No.33 ~~Rachell Moore~~ Centurion Health

No.39 Rachell Moore
   J.C.C.C Health Service Administrator

228 of

VI Relief

Relief          Request

E award punitive damages in the following amounts:

(437)17                     Count 17

$450,000.00
each against defendants:
No.36 Myles Stryde
        J.C.C.C. Deputy Warden
No.7 John Doe

No.8 John Doe

No.9 Riana Martin

No.10 Doris E Falkenrath

No.21 Remelle Blackmon

No.22 Last Name Tennyson
        J.C.C.C. Case worker
No.34 Last Name Dittman
        J C C C FUM
No.35 Last Name Todd
        J.C.C.C. FUM

# VI Relief

## Relief Request

E award punitive damages in the following amounts:

(438) 18                     Count 18

$ 450,000.00
each against defendants
No. 21 Remelle Blackmon
        J.C.C.C FUM
No. 22 Last Name Tennyson
        J.C.C.C FUM

(439) 19                     Count 19

$ 450,000.00
each against defendants:
No. 6 Last Name Ike

No. 42 Last Name Tallent
        J.C.C.C. 7 house Sgt
No. 43 Jane Doe
        JCCC 7 house Sgt
No. 44 Last Name Williams
        J.C.C.C 7 house Sgt

F. Grant such other relief as it may appear that
   the plaintiff is entitled

230 of

Joseph A. Becker                    Plaintiff

                    V

John Doc et. al,                    Defendant


        VIII Exhaustion of
        Administrative Remedies

Joseph A. Becker                                    Plaintiff

                        V

John Doe et. al;                          Defendant
        VII0 Exhaustion of Administrative Remedies
IRR# J.C.C.C 22-0030 Excessive use of force

Exhibit D-1.8, E-1.1, H-1.9, I-1.6

[E-2]

See Attachment labeled Exhibit C-1.9; H-1.9; I-1.5; I-1; I-1.6
A copy of I.RR Grievance and Grievance
Appeal to I.RR # J.C.C.C 21-1730

What I claimed in this grievance is
6) My problem is the violation of my rights as
outlined but not limited to the foregoing by
the following but not limited to M.D.O.C J.C.C.C.
Warden Doris E Falkenrath staff and officials
actions of: M.D.O.C J.C.C.C Warden Doris E Falkenrath
6-a) On 11/18/21 I sent the attached Mo Sun
shine law request of records labeled Exhibit A-1
to J.C.C.C Warden Doris E Falkenrath
6-b) by thier actions of not responding to M.D.O.C policy
and procedures D-1-11.2 Pablic and confidential
records and R.S. Mo 610.010, 610.023 they have
violated my rights of life, liberty, and property,
cruel and unusual panishment, due process and
equal protection with thier foregoing actions
of treating my rights with deliberate indifference
7) The action I'm requesting is the protection of my
rights as outlined but not limited to the fore going
statement by granting me the following relief
7-a) that M.D.O.C, J.C.C.C Warden Doris E Falkenrath
be suspended without pay for the next 3 months
7-b) be demoted to the lowest rank in their assinged
area and not afforded premotion for the next 2 years
7-c) I be given access to review the records I requested
in attachment Mo sunshine law request of records
Exhibit A-1 Current of

## VII Exhaustion of Administrative Remedies

[E-2]

(I.R.R #) C.C.C 21-1730 consist of 4 pgs)

[E-3]

(See Attachment labeled Exhibit H-1.8
A copy of the I.R.R. respons
to I.R.R. #J.C.C.C. 21-1730
Recieved on      01/12/22      )

The result I recieved to I.R.R.#J.C.C.C 21-1730
is the following responds:
Your I.R.R. has been recieved and investigated.
You state that you were removed from housing
unit #4 without cause and that you should have
been placed immediately into Housing Unit #3
honor dorm instead, you were placed into General
Population and have not been put in the Housing
Unit #3 honor dorm.
You requested that you be placed into the
honor dorm, and that you be allowed to
examine the work history for the offenders
in honor dorm in 3 house and 4 House case
workers.
Be advised that after a thorough investigation, it
has been determined that all applicable policies
and procedures have been adhered to.
You were removed from Housing Unit 4 in June of
2020 at this time, the privilege wing program
in housing Unit #3 had not been implemented
due to the placement in the privilege wing in
housing Unit #3, but do not meet the minimum criteria
due to lack of program involvement since you

[E-3]

are disabled; if you wish to apply in the future, you may obtain an application from your case manager at the time.

Futhermore, your request for work history of other offenders cannot be processed due to the fact that you are not permitted access to the records and other of other and other offenders; therefore, I cannot find in your favor on this issue matter (Please look at the actual I.R.R. and what I filed on this reponds has nothing to do with the issue in the I.R.R.)

[E-4]
(See Attachment Labeled Exhibit H-1.9 / 1 pg
A copy of the Grievance # J.C.C.C. 21-1730
Filed on 1/12/22 )
As it can be seen in the grievance form labeled
Exhibit          I stated that the responds
had nothing to do with what I filed on.


(See Attachment labeled Exhibit I-1.5 / 1 pg
A copy of the Grievance responds
to Grievance # J.C.C.C. 21- 1730
Recieved on 6/17/22

(See Attachment labeled Exhibit I-1 / 1 pg
A copy of the Grievance Appeal # J.C.C.C. 21-1730
Filed on      6/17/22

(See Attachment labeled Exhibit I-1.6 / 1 pg
A copy Grievance Appeal responds
to Grievance Appeal # J.C.C.C. 21-1730
Recieved on 7/29/22
) The plaintiff completed the offender grievance
process through all 3 stages exhausting
it fully on 7/29/22

Joseph A. Becker                    Plaintiff

                        V

John Doe et. al,                    Defendant

VIII Exhaustion of Administative Remedies

harasment, use of force, excessive use of force,

physical abuse by staff, conditions of confinement

IRR. # J.C.C.C. 22-0030

Exhibits D-1.8, E-1.1, E-1.3, H-1.9, I-1.1, I-1.6

Denial of adequate medical care

## VII Exhaustion of Administrative Remedies
## Administrative Procedures

[E-2]

[E-2] See Attachment labeled Exhibit D-1.8; E-1.1; E-1.3; H-1.9; I-1.1; I-1.6
A copy of the I.R.R. Grievance and Grievance
Appeal to I.R.R # J.C.C.C. 22-0030
What I claimed in this grievance is
6-A5 the following is not a one time incident it is a series of
incidents in an ongoing series of events and elements all
forming into one issue on the ongoing abuse of authority
by J.C.C.C. staff actions of pattern of practice conspiracy
of obstruction of justice in the depervation of my
rights by the following but not limited to J.C.C.C staff
elements of action of harasment, use of force,
excessive use of force, physical abuse by staff,
conditions of confinement, violations of policy, injury,
failure to protect, offender grievance procedures
and other outlined in the following but not
limited to series of events and incidents, forming
into the issue of pattern of practice cruel and
unusual punishment
6-b5 this I.R.R. is not past the 14 days to file on the
different elements and incidents within this I.R.R.
because it takes all the elements within this
I.R.R. to form into the bases of the ongoing pattern
of practice
6-c5 On 8/3/21 I was taken to medical for a medical
assessment on my way to ad-seg
6-d5 in medical the nurse referred me to doctor
Scott because my blood pressure was 150

[E-2]

[E-2] 6-e) I was taken from medical to Ad-seg 7A wing striped out and left in full restraints cuffed behind my back

6-f) I was left in the phone cage for over 3 hours, at some point in that 3 hours I had a panic attack and when't catatonic collapsing on the floor (when I have a panic attack and go catatonic I can see, hear and feel, I just can't talk or move)

6-g) at about 3:30 PM I know this because the cos was complaining that it was a recount name and number, at this time the cos noticed I was not in my assigned cell and the inmates started yelling I was in the cage where I had been passed out on the floor of the phone cage for 3 hours, to get me some medical attention (see attachment labeled Exhibit A-1 pg 5 a photo copy from offender James Toten that was in 7A wing and was witness to the full incident)

6-h) next 5 cos come into the cage with me got a plastic chair and put me in it, then the cos proceeded to start kicking my shins, stomping on my bare feet and beating on my chest until I was bleeding, then when that didn't get any results one of the sgts picked up the phone in the phone booth and held it out asking me if I wanted to call any one that cared while the rest of the cos laughed about it, next the nurse showed up evaluating me stating I was over dosing from drugs

[E-2]

[E2], a co grabbed my left index finger and proceeded with a pain restrain technique to try and get me to stand up and walk to the medical cart, the same co proceeded to twist my fingers and drag me by it to the medical cart

6-i] I was then taken to medical where Doctor Scott evaluated me stating I was not over doseing on any drugs, that I was having some kind of mental attack from the stress of the day, to put me in a T.C.U. observation cell for 24 hours (see attachment labeled Exhibit
A copy of my medical Records of 8/3/21          )

6-j] I was taken to a T.C.U. cell where the same co that twisted my left index finger grabed it again twisting it to try and get me to move from the medical roll around bed in the T.C.U. cell, when I didn't respond or move then the same C.O. and another pushed me off of the medical roll around bed to the T.C.U. bed in the cell

6-k] I was able to speak some time latter and asked for paper and ink pen to write and ask for an I.R.R. on how I was abused by staff in adseg, I was refused and denied any paper or ink pen or an I.R.R. to file on the issue

6-l] I whent on hunger strike

6-m] I was put on suicide watch, where I remained for a week and half not drinking or eating, I was force fed with a feeding tube IV and catheter in a T.C.U cell for the next week and half,

[E-2]

[E-2] then I was taken off of the feeding tube and put back on suicide watch

6-n5 I was taken off of suicide watch after about 3 days then kept in a T.C.U. cell for another 3 days

6-o5 I was placed in ad seg of 7 house without any ad seg property so I had to go on hunger strike again, this time for 7 days before I was given 2 sheets, some clothes, 2 towels and wash cloth

6-p5 I had to go on hunger strike again 4 days latter because I was told that there was no ink pens, paper, envelopes or stamps in my property, so I had to go on hungerstrike again to get the cos to let me purchase from canteen ink pens, paper, envelopes and stamps

6-q5 when I was allowed to purchase canteen and recieved it I come off of hungerstrike utilizing the ink pen and paper I then wrote 7 house case workers requesting for I.R.R. to file on the violations of my rights with the case workers of 7 house never responding to such request,

6-r5 I was placed in 6 house on 8/1 9/1/21

6-s5 My cell mate in 6 house Pennington recieved all his property on 9/1/21 where I was only showed one box of my property missing another $4,000.00 worth of my property, so I refused to sign the property transaction reciept because the reciept stated I was recieving all my property in full working order and that was false so 6 house co. put a special note on the reciept to see the attachment

pg

[E-2]

[E-2] list of missing property
(see attachment labeled Exhibit B-2 a photo copy of the property transaction receipt and attachment of missing property)

6-t5 I was then forced to cell with Pennington while he had explosive diarrhea and staff wouldn't let me have access to cleaning supplies to clean the cell where my cell mate had fecal matter all over the floor and toilet, the staff wouldn't let my cell mate have access to the shower to clean himself after he soiled his clothes or bedding or allow him to send his clothes he had soiled out to be laundered all because medical or the cos wouldn't get Pennington any more diapers which he had ran out of the first day in the cell and he was not given any more diapers for the next 3 weeks, I was sending 6 house case workers letters witnessed by Pennington informing of this issue and many others asking for I.R.R.s to file on issues

(see attachment labeled Exhibit C-3 copies of letters that Pennington witnessed because I was being denied access to a notary at the time to get the letters to 6 house case worker Tennyson and F.U.M Blackmon)

6-u5 I sent notarized letters as soon as I was able to have access to a notary in 6 house sending notarized letters to 6 house case worker Tennyson and F.U.M Blackmon, every week informing them of the violations of my rights and requesting for I.R.R.s to file on the violations of my rights and the issues in this I.R.R.

[E-2]

[E-2] (see attachment labeled Exhibit D-4 photo copies of the notarized letters I sent to 6 house case worker Tohny soh and F.U.M. Blackmah)

6-V$ When I was moved to 2 house on 11/1/22 I started sending notarized letters asking to file I.R.R.s on violations of my rights and the issues in this letter to 2 house case workers and F.U.M. Dittman and asking in person when we was afforded case worker open office hours

(see attachment labeled Exhibit E-5 photo copies of the notarized letters I sent to 2 house case workers and F.U.M. Dittman)

6-W$ I was sent the attachment Mo sunshine law request of records (attachment labeled Exhibit M.S.L # 1.1122) to J.C.C.C. warden on 11/18/21 requesting for the J.C.C.C. survaillance records of audio and video of 8/3/21 housing unit 7-A wing to have access to view them and for them to be saved and preserved for futher legal actions and litigation

(see attachment labeled Exhibit F-6 a copy of M.S.L # 1.1122) sent to J.C.C.C warden on 11/18/21)

6-X$ I filled the attachment Exhibit Labeled I.R.R on J.C.C.C. warden for not responding to the Mo sunshine law request M.S.L # 1.1122 to J.C.C.C. warden on 11/18/21 for not responding to the request within 3 business days

(see attachment labeled Exhibit 6-7 a copy of the I.R.R I filed on J.C.C.C. warden for not responding to MSL # 1.1122)

[E-2]

[E-2] 6-y> the foregoing culmination of events and incidents are crucial elements in øf providing the totality of my issue within this I.R.R., they do not make the I.R.R. an expanded I.R.R. or a refile of issues I brought up in this I.R.R. that Ive already filled I.R.R.s on because in this I.R.R. each element is necessary to create the proof of the ongoing pattern of practice issue of the bases of this I.R.R. Within this I.R.R. is the following list of Exhibit of Attachments:

| Pg # | Exhibit # | Article of | Labeled Description of |
|------|-----------|------------|------------------------|
| 5 | A-1 | [6-g] | a photo copy of offender James Toten M.D.O.C #351133 tha was present in 7 house A wing on 8/3/21 to witness the cos beating on me while I was catatonic |
| 6-9 | B-2 | [6-s] | a photo copy of the property transaction reciept and list of missing property from 8/5/21 from 6 house C.O. Denton |
| 10-13 | C-3 | [6-t] | photo copies of letters I had to have my cell mate Pennhington witness because I was being denied access to a notary to get them Notarized, I sent to 6 house case worker Tennyson and F.U.M. Blackmon |

## VII Exhaustion of Administrative Remedies
## Administrative                  Procedures
### [E-2]
### (list of Exhibits with I.R.R.)

[E-2]

| Pg# | Exhibit | Article of | Labeled Description of |
|-----|---------|------------|------------------------|
|     | D-4     | [6-U]      | Photo copies of notarized letters I sent to 6 house case worker C.O. Tennyson and FUM Blackman |
| 15-17 | E-5   | [6-V]      | Photo copies of notarized letters I sent to 2 house caseworkers and F.U.M. Dittman |
| 21  | F-6     | [6-W]      | photo copy of MSL#1.11221 Moson shine law request I sent to J.C.C.C. Warden |
| 19-21 | G-7   | [6-X]      | photo copy of I.R.R. I filled on J.C.C.C. warden for not responding to MSL#1.11221 within 3 business days |

7-as it is outlined in M.D.O.C. policy S.O.P. D5-3.2 offender grievance P6#9 section, (2) restitution of funds, S.O.P monetary award or any kind of compensation I'm asking for the action of the monetary restitution reward value of $100,000.00 dollars for the ongoing pattern of practice violation of my rights as outlined but not limited to the fore going declaration statement of facts for the wanton physical pain and suffering and mental trama of being forced to live in a cell without any pillow, sheets, blanket for 8 days in adseg and the trauma sustained in the injury of my left index finger on 8/3/21 causing my left finger to be deformed and permanent loss of 40 percent or more of my left index finger for the rest of my life causing a significant impact on my every/day

## VII Exhaustion of Administrative Remedies
### Administrative                    Procedures

[E-2]

[E-2] life style and living routine and M.D.O.C. providing me with adequate medical treatment for the injury of my left index finger to recuperate the full use of my left index finger.
( I.R.R. # J.C.C.C. 22-0030 consist of 22 pgs )

[E-3]

[E-3] (See Attachment Labeled Exhibit E-1.1/1pg

A copy of the I.R.R responds
to I.R.R # J.C.C.C 22-0030
Recieved on 1/19/22                    )
The results I recieved to I.R.R #J.C.C.C 22-0030
is the following responds:
Your I.R.R. has been recieved and investigated.
You state you have been subject to a pattern of
ongoing practices which violate your right to be
free from cruel and unusual punishment.
You state that you have been subject to harassment
and discrimination with physical and emotional
abuse from J.C.C.C staff and officials. During your
discussion you added to your I.R.R citing Use of
force concerns, additional unsubscribed harassment,
denial of I.R.R forms being forced into cell with
an unhygenic offender, refusal of medical treatment,
denial of privilege doth, and not be adequately
treating for finger injuries You also reveal that
this is an expanded I.R.R that was originally
requested for Medical purposes.
You requested the monetary restitution reward
of $100,000.00 and for your finger to be treated
so you have full range of motion and use it again
    Be advised that after thorough investigation, it
has been determined that all applicable policies
and procedures have been adhered to. A review of
all the pertinent information indicates this is
a misuse of the Grievance Procedures.

<u>VII Exhaustion of Administraive Remedies</u>

[E-3]

[E-3] As per S.O.P D 5-3.2 Offender Grievance, the offender must refrain from knowingly and deliberately filing improper, duplicate, expanded or frivolous I.R.Rs These issues have been previously addressed in the 24 plus I.R.Rs you have filed Therefore, I cannot find in your favor on these matters

## VII Exhaustion of Administrative Remedies

[E-4]

[E-4](see Attachment Labeled Exhibit E-1.3/1pg
A copy of the Grievance #J.C.C.C. 22-0030
Filed on 1/19/22)
( )(see Attachment labeled Exhibit H-1.9/1pg
A copy of the Grievance responds
to Grievance #J.C.C.C. 22-0030
Recieved on 6/17/22 )
(see Attachment labeled Exhibit I-1.1/1pg
A copy of the Grievance Appeal #J.C.C.C. 22-0030
Filed on 6/17/22)
(see Attachment labeled Exhibit I-1.6/1pg
A copy Grievance Appeal responds
to Grievance Appeal #J.C.C.C. 22-0030
Recieved on 7/29/22 )
( )The plaintiff completed the offender grievance
process through all 3 stages exhausting
it fully on 7/29/22

Joseph A. Becker                    Plaintiff

                    V

John Doe  et. al;                Defendant

IRR #22-1123
On denial of adequate access to law library

Exhibits J-1.4, K-1.7 K-1.8, M-1.4
# VIII Exhaustion of Administrative Remedies

[E-2]

See Attachment labeled Exhibit J-1.4, K-1.7, K-1.8 M-1.4
A copy of the I.R.R. Grievance and Grievance
Appeal to I.R.R # 22-1123

What I claimed in this grievance

6 My problem is the violation of my right as outlined
in the foregoing but not limited to on going pattern
of practice abuse of authority conspiracy of
obstruction of justice against the deprevation of
my rights by the discrimination, harassment, and
unprofessional conduct and abuse of such rights
by the following but not limited to deliberate
indifference indifference action of M.D.O.C., J.C.C.C.
staff and personnel

6-b by J.C.C.C staff action of on going pattern of
practice violation of access to the courts for
redress of grievances by the ongoing denial
of access to the courts by the denial of adequate
access to the law library of 6 hours a week
minimal pursuant to S.O.P 8-1.4 access to the law
library materials to offenders who have a QLC

6-c I've been approved for a QLC since 3/10/22 and
have not been afforded not one time a full 6 hours in
any week

6-d this is not time barred because it is an ongoing issue not
a one time

6-e I submit as evidence the J.C.C.C. library log sheet that
will reflect my alligations within this I.R.R.

[E-2]

6-f} this is causing me the injury of wanton pain and suffering of preventing me from being able to protect my rights by not being able to learn how to file and do case law research to meet the time bar to file a civil law suit against M.D.O.C in the ongoing pattern of practice obstruction of justice.

7} The action I'm requesting is the protection of my rights as outlined in the foregoing but not limited to by granting me the following relief

7-a} that J.C.C.C offenders on QLC law library time be afforded to go to the law library every time its open, even on other housing units library time to ensure I get the minimal of 6 hours a week as is done at all other level 5 prison in Mo,

7-b} that I be given the monetary punitive damages of $50.00 every week that I'm denied access to my 6 hours a week to do legal work and research, or

7-c} put lexis nexis legal program on our tablets as is afforded at every jail Mo with Jpay services, it serves no pcholological futherance of enterance to deny M.D.O.C offenders access to lexis nexis legal program on our tablets other than to deny our access to the courts to fight for our rights being violated by M.D.O.C.

(IRR#)JCCC 22-1123 consist of 3 pgs )

pg 2 of

(248)

[E-3]
(See Attachment Labeled Exhibit k-1.7/1pg

A copy of the I.R.R responds
to I.R.R. # J.C.C.C. 22-1123
Recieved on 11/8/22
The results I recieved to I.R.R. # J.C.C.C 22-1123
is the following responds:

I have reviewed your grievance and pertinent information
concerning your complaint of not recieving a full
6 hours of QLC time a week in the law library.
You state you have had an active qualified legal
claim since 3/10/22 and you have not yet full
fulfilled 6 hours in a week

You request to be allowed to go to the library
whenever it is open even during other housing
units time in order to fulfill your 6 hours QLC,
as well as be paid $50.00 weekly if you are not
afforded that library time.

Be advised, I have conducted an administrative
review of your complaint.

Due to staff shortages, the education officer may
need to be pulled to fill other vital positions
within the institution to maintain safety and
security.

This should satisfy your complaint,
Your grievance is denied.

[E-4]

(See Attachment Labeled Exhibit I-1.3/1pg
A copy of the Grievance #J.C.C.C. 22-1123
filed on ~~1/8/22~~ 7/25/22

(See Attachment labeled Exhibit K-1.7/1pg
A copy of the Grievance responds
to Grievance #J.C.C.C. 22-1123
Recieved on    11/8/22

(See Attachment labeled Exhibit K-1.8/1pg
A copy of the Grievance Appeal #J.C.C.C 22-1123
Filed on    11 / 8 /22

(See Attachment labeled Exhibit M-1.4/2pgs
A copy Grievance Appeal responds
to Grievance Appeal #J.C.C.C. 22-1123
Recieved on    1/25/23                    )

(        )the plaintiff completed the offender grievance
process through all 3 stages, exhausting
it fully on            1/25/23

Joseph A. Becker                    Plaintiff

                    V

John Doe et. al;                    Defendant

IRR #22-966
denial of adequate medical care

Exhibits H-1.3, M-1.1, M-1.2, O-1.5
VII@ Exhaustion of Administrative Remedies

[E-2]

[E-2] See Attachment Labeled Exhibit H-1.3; M-1.1; M-1.2; O-1.5
A copy of the I.R.R, Grievance and Grievance
Appeal to I.R.R # J.C.C.C. 22-966
What I claimed in this grievance is

6) My problem is the violation of my rights as outlined in the
fore going but not limited to by the following but not limited
to on going pattern of practice abuse of authority conspiracy
of obstruction of justice against the depervation of
my rights by the discrimination, harassment, and
unprofessional conduct and abuse of such rights by
the following but not limited to deliberate indifference
actions of M.D.O.C, J.C.C.C. staff and personnel and
M.D.O.C. J.C.C.C. medical care providers
6-b) with deliberate indifference to my serious medical
care needs to my rights to have access to adequate
medical by minimal civilized measure of life's
necessities of medical care by modern day sociatal
standards of decency pursuant to R.S. Mo and
C.S.R causing irrepable harm, unecessary wonton pain
and suffering to my current health & well being and
my future health and well being by M.D.O.C J.C.C.C.
medical care providers staff and personnel following
action but not limited to,
6-c) the unnecessary delay of medical care of my left
index finger
6-d) On 8/3/21 my left index finger was injured by cos
in an excessive force in 7 house A wing at about
3:36 pM

[E-2]

6-e) On ~~Oct 20~~ about Oct 2021 I was in adseg on hunger strike to get medical treatment for my injured finger and agreed to come off of in exchange for a lay in for an ace bandage of my finger and an x-ray of my finger

6-f) On about Oct 2021 I seen Don Stone about my finger and she put me in for the x-rays of it

6-g) On about Oct 2021 I recieved x-rays on my left index finger revealing swelling of the soft tissue

6-h) In Dec 2021 I went to nurses sick call 4 times about my left index finger still being swollen, discolored, disfigured with still partial paralysis of

6-i) In Dec 2021 I seen M.D.O.C, J.C.C.C Doc Bartis about my finger who put me in for an M.R.I. to see a orthopedic surgeon and physical therapy

6-j) In Jan 2022 I went to 4 nurses sick calls about the same issue with my finger

6-k) In Jan I seen Doc Bartis about my finger again and he put me in for the same as before on my finger

6-l) In Feb 2022 I went to 4 nurses sick call about my finger with the same issues

6-m) In Feb 2022 I seen Doc Bartis about my finger again and again he put me in for the same as before

6-n) In Feb 2022 J.C.C.C medical care provider Susan Hodges seen offender Joseph Pries 1284960 in T.C.U. and told him she had accidentially scheduled him to see a hand doctor

( see attachment labeled Exhibit A a copy of his statement)

[E-2]

6-o5 In March 2022 I went to 4 nurses sick call about the same issue with my finger

6-p5 In March 2022 I seen Doc Donaldson about my finger and she put me in to have an M.R.I, see an orthopedic surgeon and physical therapy

6-q5 In April 2022 I went to 4 nurses sick call again about my finger

6-r5 I seen Doc. Segall about my finger April 2022 2 times about my finger and he put me in for the same thing as the other doctors did

6-s5 In May 2022 Joseph Pries seen M.D.O.C medical about his I.R.R on his knee and was showed that he had x-rays on his left index finger which did not happen that was my x-rays not his (see attachment labeled Exhibit A-1 a photo copy of Joseph Pries statement)

75 the action I'm requesting is the protection of my rights as outlined in the foregoing but not limited to by granting me the following relief

7-a5 that I recieve the monetary compensation of $300,000.00 for the compensatory, nominal and punitive damages for the pain and suffering I suffered from the delayed medical care for over 9 months at the time of this I.R.R of my serious medical care and needs causing irrepable harm permanent paralysis and disfigurement to my left index finger significantly impacting negatively my current health and well being and my future health and well being and my ability to be able to work to provide for myself or do

pg ___ of ___